HERGET, Judge.
From a judgment in favor of Defendant, F. L. Sweeney, and against Plaintiffs, George C. Vordenbaumen and State Farm Mutual Automobile Insurance Company, dismissing their action, Plaintiffs appeal.
This suit arises as a result of damages sustained by George C. Vordenbaumen to his 1963 Ford automobile resulting from Vordenbaumen’s jumping the curb and colliding with a metal upright when Defendant, F. L. Sweeney, turned into his path.
Vordenbaumen, in consequence of such negligence on the part of Sweeney, sustained damages in the amount of $34.92 whereas State Farm Mutual Automobile Insurance Company, his insurer, paid for his account the sum of $139.69.
On February 2, 1963 at approximately 4:35 a. m. Vordenbaumen was driving his vehicle north on Scenic Highway, a four lane highway, with two lanes provided for *166 northerly traffic and two lanes for southerly traffic. Vordenbaumen, the office supervisor in the packing and shipping department of Humble Oil and Refining Company, was proceeding in a northerly direction in the inside or westerly lane for vehicles traveling in a northerly direction on Scenic Highway. Defendant, Lieutenant Sweeney, employed by the Sheriff of East Baton Rouge at the jail annex which is north of the point of collision, was proceeding in a southerly direction on the Scenic Highway. He intended to make a left turn at the intersection of Scenic Highway and Iberia Street at a point he estimated to be some six to ten minutes’ drive from his place of employment. Upon reaching the intersection Mr. Sweeney noticed car lights coming facing him proceeding north on Scenic Highway and it was his opinion said vehicles were in the extreme right lane, and upon reaching the intersection Sweeney turned to his left and possibly entered the inside lane of Scenic Highway on which Vordenbaumen was traveling in a northerly direction. When Sweeney resorted to this procedure Vor-denbaumen veered to his right to avoid what he described as a “head on” collision with Sweeney and struck a highway marker which caused the damage to his car.
There was only one disinterested witness to the accident, Mr. William Holt, who testified his occupation was that of United States Post Office Clerk, and that on the morning of the accident he was following the car driven by Mr. Sweeney; that upon reaching the intersection of Iberia Street with the Scenic Highway Mr. Sweeney made a left turn into the northbound traffic lane of Scenic Highway; that following the accident he followed Mr. Sweeney, obtained his license number and gave it to Mr. Vordenbaumen. Fie was positive Mr. Sweeney had entered the northbound lane for traffic on the Scenic Highway.
We are of the opinion the accident and ensuing damage to Mr. Vorden-baumen s car resulted solely from the negligence of Mr. Sweeney in attempting a left turn or giving the appearance of making a left turn without ascertaining such movement could be made with reasonable safety as required by LSA-R.S. 32:104(A). When confronted with the movement by Sweeney into his lane of traffic, Vorden-baumen was presented with an emergency and his attempt to extricate himself therefrom by veering to his right in consequence of which he ran into the sign-post is excusable. Bailey v. National Surety Corporation, La.App., 149 So.2d 669.
Accordingly, for these reasons the judgment of the District Court is reversed and judgment is rendered in favor of George C. Vordenbaumen in the sum of $34.92 and in favor of State Farm Mutual Automobile Insurance Company in the sum of $139.69 and against F. L. Sweeney, with legal interest on both sums from judicial demand until paid, and for all costs.
Reversed and rendered.