206 So.2d 532 (1968)
Doyle E. BANKSTON et al., Plaintiffs-Appellants,
v.
Alma B. BUECHE, Defendant-Appellee.
No. 7235.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
*533 Louis D. Curet, of D'Amico & Curet, Baton Rouge, for plaintiffs-appellants.
James A. Piper, of Lonnie A. Davis & Associates, Baton Rouge, for defendant-appellee.
Before LANDRY, REID and BAILES, JJ.
BAILES, Judge.
This is an action brought by plaintiffs, Doyle E. Bankston, and his collision insurer, Southern Farm Bureau Casualty Insurance Company, against defendant, Alma B. Bueche, to recover the sum of $640.10, together with legal interest from date of judicial demand until paid. This is a companion suit to that of Alma B. Bueche v. Doyle E. Bankston, et al., La.App., 206 So.2d 536, on the docket of this court and in which an opinion is rendered this date.
These consolidated actions arose from an automobile collision which occurred on U. S. Highway 190, about five miles west of the U. S. Highway 190 bridge across the Mississippi River in West Baton Rouge Parish. The plaintiffs in each suit are seeking to recover property damages to the respective vehicles allegedly caused by the negligent operation of the other vehicle. It was stipulated that the damages inflicted on the Bankston vehicle amounted to $640.10, and the damages to the Bueche vehicle amounted to $225.00, and that if recovery was to be had for the damages to the Bankston *534 vehicle, these damages would be apportioned $100 to Bankston and $540.10 to Southern Farm. The trial court rendered judgment herein in favor of the defendant denying the plaintiffs' claims at their costs, and in the companion suit, judgment was rendered in favor of plaintiff therein, Alma B. Bueche, and against the defendant, in the sum of $225.
Appeals were perfected in both suits by Bankston and Southern Farm. We find that the judgments appealed from are manifestly erroneous, and must be reversed.
The undisputed facts surrounding the collision are these. The accident occurred west of the U. S. Highway 190 bridge across the Mississippi River on U. S. Highway 190 at the point at which it is intersected by Louisiana Highway 1145 or Catherine Plantation Road, at approximately 6:30 o'clock the evening of October 8, 1965. The weather was clear and dry and it was relatively dark at the time.
In this vicinity, U. S. Highway 190 is a four lane thoroughfare running approximately east and west. A concrete center median or divider separates the two lanes allocated to each direction of travel. In the more immediate area of the collision the roadway makes a long, gradual, banked curve which in no way obstructs visibility and where at approximately the center Louisiana Highway 1145 intersects U. S. 190 perpendicularly. The intersection is uncontrolled by any type of signal. For motorists traveling west on Highway 190 and desiring to turn south on Louisiana 1145, the center median is so configured as to form a left turn lane.
On the evening in question Mrs. Bueche was driving west from Baton Rouge. The Bankston automobile was being driven east toward Baton Rouge in the right or outer lane by defendant's minor son, a college student at the time. Mrs. Bueche, desiring to continue her travel south on Louisiana Highway 1145, entered the left turn lane, stopped and, after seeing only Bankston's automobile some distance away and concluding that she had sufficient time to negotiate the turn, made a left turn across the two east bound lanes of travel. At some point between the centerline of the two east bound lanes and a few feet to the south of the southern edge of these east bound lanes, the right front part of the Bankston auto struck the right rear portion of the Bueche vehicle.
The jurisprudence is replete with cases involving accidents occurring when a motorist makes a left turn across the path of oncoming traffic. Our courts have adopted the rule that since this is one of the most hazardous maneuvers a motorist is called upon to make, the turning motorist is burdened with the highest degree of responsibility to insure that the turn is safely made without causing undue risk or hazard to oncoming traffic. Washington Fire and Marine Insurance Company v. Fireman's Insurance Company, 232 La. 379, 94 So.2d 295; Methvin v. Roshto, La.App., 96 So.2d 383. So consistently has this standard been applied that the occurrence of an accident in left turn situations raises a likelihood closely akin to a presumption of fault on the part of the turning motorist. In such a case, after referring to Section 122 of the Louisiana Highway Regulatory Act, LSA-R.S. 32:122, our courts have said:
"This statute and our related jurisprudence imposes the responsibility upon the motorist desiring to make a left turn to ascertain before attempting to do so that such a maneuver can be made safely and without danger or undue delay to overtaking or oncoming traffic. He must refrain from making a left turn unless the way is clear and, if a collision occurs while he is attempting such a maneuver, the burden rests heavily on him to show that he was free from negligence. (Cases cited)." Estes v. Hartford Accident and Indemnity Company, La.App., 187 So.2d 149. See also Small v. Lyons, La.App., 198 So.2d 475.
*535 This onerous rule is apparently based on two principles. The first is recognition of the rules of the road concerning right-of-way. In the case of Franklin v. Holoman, La.App., 110 So.2d 776, this court stated:
"* * * drivers on through highways are not required to anticipate the sudden emergence across and into their path of vehicles with an inferior right of way, but are entitled ordinarily to assume that the inferior traffic will accord vehicles on the main highway the right of way to which the latter are entitled. (cases cited)" Franklin v. Holoman, supra at 777.
Because of the right of the non-turning motorist to assume that the turning motorist will respect his favored position on the highway, it is only reasonable and just that the motorist who desires to turn across a favored lane of traffic should bear the heavy burden of ascertaining that the turn can be made in complete safety. If the turning driver fails to exercise the caution and care required in discharging this burden it can only be concluded that the lack of caution constitutes actionable negligence.
Secondly, the burden placed on a left turning motorist is based on the doctrine of sudden emergency, whereby a motorist faced with a sudden emergency not of his own making is relieved of the duty to make absolutely reasonable decisions, and negligence, if any, on his part is minimized in the absence of wilful and wanton disregard for the safety of others. In an earlier left turn case we described the non-turning motorist's duty as follows:
"Under such circumstances (emergency situation created by left turn) it is clear that he is not held to the same high degree of care and calm judgment ordinarily demanded of a motorist but rather is required only to exercise reasonable care and is not penalized for an error in judgment or failure to make the wisest selection of all possible evasive measures. (cases cited)." Romans v. New Amsterdam Casualty Company, 137 So.2d 82, 83, 88.
Thus, faced with the necessity of making an instantenous decision by circumstances beyond his control, the non-turning motorist need only make a decision reasonable under the circumstances.
After a thorough analysis of the record, we feel that Mrs. Bueche has failed to either prove her case as plaintiff or defend this case as defendant.
The only evidence introduced concerning the discharge of her responsibility as a left turning motorist was that she stopped in the left turn lane of U. S. Highway 190, saw the Bankston automobile and decided that she had sufficient time to negotiate her turn. The only witness to pinpoint the distance of the Bankston vehicle from the point where Mrs. Bueche was stopped was her passenger, who testified that it was three to four hundred feet away and was traveling at a speed of 75 to 80 miles an hour. Under this state of facts we cannot say that Mrs. Bueche exercised the requisite degree of caution in attempting her left turn.
As to negligence on the part of the driver of the Bankston automobile the evidence shows that only two points were raised.
Much testimony was taken in an attempt to pinpoint the exact location of the impact. Mrs. Bueche, her guest passenger and Trooper Newton, the state trooper who investigated the accident, testified that the collision occurred just to the south of the southern edge of U. S. 190. Defendant and his two passengers testified that the point of impact was just to the right or south of the center line dividing the two east bound traffic lanes. It was on the basis of accepting the situs of the impact as propounded by Mrs. Bueche and her witnesses that the court a quo rendered judgment for Mrs. Bueche and against Mr. Bankston and his insurer.
*536 Second, based on the testimony of Mrs. Bueche's passenger the contention was made that the Bankston vehicle was being driven at an excessive rate of speed with the two right wheels off the highway on the graveled portion of the shoulder of the road.
This second contention was not proved. We believe the record will support the conclusion that young Bankston was driving approximately 70 miles per hour, the legal speed limit, and that his right wheels only went off the edge of the highway at a point some forty feet west of the point of impact. Trooper Newton testified that he found forty feet of skid marks left by the Bankston auto which began on the roadway and led off to the right hand shoulder a short distance before the point of impact. We are of the opinion that the Bankston automobile left the paved portion of the highway only after being confronted with the prospect of collision and as a result of an attempt to avoid this impending possibility.
The first contention is without merit. Assuming arguendo, for the point is not uncontested, that Mrs. Bueche's vehicle had cleared the right hand edge of the east bound traffic lane before it was struck, the fact has no bearing on the case. The point of impact is immaterial, where, as here, the exact point of collision was determined by the evasive action that the nonturning motorist was forced to take when faced with a sudden emergency. McMorris v. Hanover Insurance Company, La.App., 175 So.2d 697. See also, Vordenbaumen v. Sweeney, La.App., 169 So.2d 165; Martin v. Bruchhaus, La.App., 74 So.2d 316.
The conclusion is therefore inescapable that the driver of the Bankston automobile was in no way negligent and that the sole cause of this accident was the failure of Mrs. Bueche to exercise the caution and care required of her as a driver desiring to turn left across an oncoming lane of traffic. This lack of care amounts to causative negligence.
For these reasons, the judgment of the trial court dismissing this suit is reversed, and there is judgment herein in favor of plaintiff, Doyle E. Bankston, and against the defendant, Alma B. Bueche, in the amount of $100, plus legal interest from date of judicial demand until paid, and further there is judgment herein in favor of plaintiff, Southern Farm Bureau Casualty Insurance Company, and against the defendant, Alma B. Bueche, in the amount of $540.10, plus legal interest from date of judicial demand until paid. Defendant is cast for all costs in the trial court and in this appeal.
Reversed and rendered.