LOTTINGER, Judge.
This is a suit by Joseph Grezaffi, individually and as administrator of his minor son, Stephen Anthony Grezaffi, and Southern Farm Bureau Casualty Insurance Company, as petitioners, and against Warren G. Yandell and his liability insurer, State Farm Mutual Automobile Insurance Company, as defendants, for damages resulting from an automobile accident. The Lower Court awarded judgment in favor of petitioners and against defendants, and the defendants have taken this appeal.
The automobile accident in question occurred on Highway 1 in Pointe Coupee Parish on November 23, 1967, between a Chevrolet Camaro automobile driven by Stephen Grezaffi and a Plymouth automobile driven by Dolly Ann Yandell. Young Grezaffi was the minor son of Joseph Gre-zaffi, and Dolly Ann was the minor daughter of Warren G. Yandell. Southern Farm Bureau Casualty Insurance Company joins as a petitioner to asserts its subrogation claim for damages to the Grezaffi automobile.
Just prior to the accident, young Grezaf-fi was driving toward Baton Rouge and Miss Yandell was driving toward New Roads on Louisiana State Highway 1. The cars were in a meeting situation. Highway 1 is a paved two-lane highway with grassy shoulders adjoining each traffic lane.
The evidence discloses that immediately before the collision, young Grezaffi pulled out into the passing lane and overtook and passed a third vehicle driven by John F. Dauzat, Jr., which was traveling in the same direction as Grezaffi. At the same time, the Yandell vehicle, which was proceeding in the opposite direction, left the roadway and went onto the shoulder on its right side, went out of control, re-entered the highway, and collided with the Grezaf-fi car just as the latter was pulling back to his side of the road after passing the Dau-zat vehicle. As a result of the collision, the Grezaffi car went out of control, left the road and struck a utility pole resulting in bodily injury to young Grezaffi as well as property damages to the automobile. The preponderance of the evidence pin-pointed the point of collision at about one foot *316 across the center line of the highway in Grezaffi’s traffic lane. There is some dispute as to whether, at the time of the impact, Grezaffi had entirely returned to his side of the road, and, if so, for how far and how long. As is usual in cases of this type, there is some dispute on the time and distance factors involved.
Young Grezaffi admits that he saw the Yandell car coming toward him at a distance of some two hundred to two hundred fifty yards away when he commenced his passing maneuver. He believed, however, that he had ample time to overtake and pass the Dauzat car without creating a dangerous situation. He contends that he was able to complete his passing maneuver and return to this side of the road before the Yandell car drew dangerously close. Petitioners claim that young Miss Yandell needlessly panicked and lost control of her car at a time when she was not actually confronted with a true danger of a head-on collision.
The defendants, on the other hand, claim that Dolly Ann Yandell was placed in a position of peril by the rash act of young Grezaffi in overtaking and passing the Dauzat car when there was apparently not time or space to do so safely. Confronted with the apparent sudden emergency created by young Grezaffi, they maintain that Dolly Ann reacted in a normal way, by applying her brakes and taking to the shoulder as the best means of averting a head-on collision, and, because of her reaction to this sudden emergency, she is not to be held legally responsible that her action resulted in her losing control of her vehicle and crossing the center line of the highway and colliding with the oncoming Grezaffi automobile. The point of impact was shown to be one foot across the center line of the highway in Grezaffi’s lane of travel.
In the alternative, the defendants claim that, even if Dolly Ann was in any way at fault, petitioners may not recover because of the contributory negligence of young Grezaffi in being over eager to pass, and in forcing Dolly Ann off the road, when the accident could have been averted by Grezaffi’s exercise of just a little judgment, caution and common courtesy.
Following the trial on the merits, the Lower Court awarded judgment in favor of petitioners and awarded Joseph Grezaf-fi, on behalf of his minor son, the sum of $29,500.00 for personal injuries, and individually, the sum of $100.00, being the deductible amount of his collision policy, as well as $6,263.94 for medical bills incurred on behalf of his young son, and awarded Southern Farm Bureau Casualty Insurance Company the sum of $2,718.75 on its subro-gation claim for property damages. The defendants have appealed, and petitioners have answered the appeal seeking an increase in quantum.
In its answer to the main demand, State Farm Mutual Automobile Insurance Company reconvened under its subrogation claim for property damages in the sum of $935.00 and Mr. Warren G. Yandell reconvened for his deductible amount of $100.00
The defendants, on appeal, contend that the Lower Court erred in finding that Dolly Ann Yandell was negligent as the law and evidence impel the conclusion that she reacted reasonably'when confronted by a sudden emergency not of her own making; and that the Lower Court erred in exculpating Stephen Grezaffi from the charge of contributory negligence. They maintain that the law and the evidence clearly show that the chain of events leading to this accident were set in motion by the impetuous passing maneuver taken by Grezaffi in circumstances plainly calling for caution and restraint.
The section of the Louisiana Highway Regulatory Act applicable to this case is R.S. 32:75, which reads as follows:
“No vehicle shall be driven to the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is *317 free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.”
Blashfield, third edition, Section 112.5, provides as follows:
“The overtaking driver is under a duty to anticipate the possibility, if not probability, of the presence of approaching cars from the other direction, which duty charges him with a degree of care commensurate with the increased risk incident to his turn to the left to pass, and he must maintain such control of his vehicle as will permit him to remain in, or drop back into, his own proper lane when he observes an approaching vehicle within the orbit of possible danger.”
The evidence reflects that immediately prior to the accident the car driven by Mr. Dauzat was proceeding at a speed of approximately thirty-five to forty miles per hour. Young Grezaffi testified that at this time he was proceeding at about forty-five miles per hour, and the other witnesses placed his speed at between forty-five and fifty miles per hour. Miss Yandell testified, and she is verified by the other witnesses, that she was proceeding at about fifty miles per hour at this time.
Assuming that young Grezaffi was proceeding at a speed of forty-five miles per hour as testified to by him, he would have been covering a distance of 65.7 feet per second. Miss Yandell, proceeding at fifty miles per hour, would travel a distance of 73 feet per second. Thus the two vehicles were approaching each other at a relative speed of 138.7 feet per second.
Now according to the testimony of young Grezaffi himself, while these two vehicles were approaching each other at such rate, he was in the process of passing the Dauzat vehicle at a differential of only five to ten miles per hour, the difference between thirty-five or forty and forty-five miles per hour. Assuming that young Gre-zaffi was 200 yards from the Yandell vehicle when he commenced passing the Dau-zat car, and applying the 100 foot requirement of safe passage as is provided in R.S. 32:75, we find that Grezaffi would have had to complete his maneuver and return to his own lane of traffic within a distance of 500 feet. As the relative speed between the two approaching vehicles was 138.7 feet per second, this maneuver would have been required within a space of slightly more than 3.6 seconds. Now considering the differential in speed between the Gre-zaffi and the overtaking vehicle to be ten miles per hour, the relative movement between these two vehicles would have been 14.6 feet per second. Certainly this slow movement between the two vehicles conclusively shows that, at the time young Gre-zaffi commenced his movement of overtaking and passing the Dauzat vehicle, the approaching Yandell vehicle was at such a close distance from him as to create a sudden emergency to the driver of the Yandell vehicle. We believe that this same reasoning would apply even if Dolly Ann was 250 yards away when Grezaffi pulled out to pass and this distance is the most liberal estimate made by anyone.
Miss Yandell and her two young passengers all testified that when they first noticed the Grezaffi vehicle in the process of passing the Dauzat car, it appeared to them that there would be a head-on collision between these two vehicles; that Miss Yandell immediately applied her brakes and took to the shoulder in order to give Grezaffi sufficient room to make his movement. Miss Yandell testified that when she reached the shoulder she hit a bump causing her to lose control of her vehicle, thus causing the unfortunate accident.
*318 We believe that the decision in Vorden-baumen v. Sweeney, La.App., 169 So.2d 165 is controlling of the issues presently before us. In that case Sweeney pulled toward the opposing lane of a four-lane highway preparatory to making a left turn. In so doing, Vordenbaumen, who was approaching in the opposite direction and believing that Sweeney was about to make a left turn in front of him, was confronted with what he thought was the danger of a head-on collision. Faced with this sudden emergency, Vordenbaumen, swerved to the right and hit a highway marker in the ditch. There was no contact between the two vehicles. Sweeney’s defense was that Vordenbaumen needlessly panicked and ran off the road, just as is argued in the case before us. The District Court agreed and exonerated Sweeney of negligence, but the Court of Appeal reversed the holding of the Lower Court and held that Vordenbau-men was not negligent in taking to the shoulder in the face of what he, at the time, might have reasonably considered a dangerous confrontation. In that case we said:
“When confronted with the movement by Sweeney into his lane of traffic, Vor-denbaumen was presented with an emergency and his attempt to extricate himself therefrom by veering to his right in consequence of which he ran into the sign-post is excusable. Bailey v. National Surety Corp., La.App., 149 So.2d 669.”
We have not in this suit been favored by written reasons of the Trial Court. We feel, however, that the Trial Court erred in holding young Miss Yandell to be guilty of negligence and thus responsible for the accident. The preponderance of the evidence given by the witnesses shows that young Grezaffi was negligent in attempting to pass the Dauzat vehicle at a time when the approaching Yandell vehicle was too close as to allow his movement to be made in safety and in accordance with our rules of the road. His maneuver under the circumstances created a sudden emergency in the eyes of Miss Yandell from which she tried to extricate herself by applying her brakes and driving onto the shoulder. Unfortunately she lost control of her automobile, causing her to cross over the center line and strike the Grezaffi automobile. We feel that the sole proximate cause of the accident was the negligence of young Gre-zaffi.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed, and, accordingly, there is judgment herein in favor of defendants dismissing petitioner’s suit and there is further judgment herein on defendants’ recon-ventional demand in favor of petitioner, Warren G. Yandell, and against Joseph Grezaffi and Southern Farm Bureau Casualty Company, in solido, in the sum of $100.00 and in favor of petitioner, State Farm Mutual Insurance Company and against the same defendants, in solido, in the sum of $935.00. All costs of this appeal shall be paid by petitioners.
Judgment reversed.