LANDRY, Judge.
Plaintiff appeals the dismissal of her action in tort for recovery of damages sustained in an automobile accident in which plaintiff’s vehicle struck the automobile of defendant Walters, the insured ■ of defendant Continental Insurance Company, while defendant’s vehicle was crossing the favored street on which plaintiff was proceeding. We affirm the judgment of the trial court based on our own finding that plaintiff was guilty of contributory *262 negligence constituting a proximate cause of the accident.
The trial court did not assign written reasons for judgment. We assume that the lower court rejected plaintiff’s demands because it found either that plaintiff was contributorily negligent or that plaintiff had the last clear chance to avoid the collision.
No dispute exists as to the facts attending the accident. The incident occurred at approximately 7:55 P.M., April 13, 1967, at the T intersection formed by the junction of Plank Road (Highway 67), a two lane north-south highway, and Clark Street, a two lane roadway which runs westerly from Plank Road, in the Parish of East Baton Rouge. The night was dark and clear. The highway was dry. Opposite Clark Street, on the east side of Plank Road, is situated a grocery store, retail hardware store and fire station. Plank Road, a major thoroughfare, enjoys the right of way over Clark Street. The legal speed limit on Plank Road is 45 miles per hour.
One block north of Clark Street another east-west street crosses Plank Road. This intersection, estimated to be between 300 and 400 feet north of Clark Street, is controlled by a traffic light. Plaintiff, traveling southerly on Plank Road, stopped at the signal light and proceeded toward Clark Street. Defendant, a volunteer fireman, traveling in his late model pickup truck, had gone to the fire station situated on the east side of Plank Road to learn the location of a fire that had been reported. Ascertaining that the shortest route to the fire was via Clark Street, defendant proceeded to cross Plank Road for the purpose of entering Clark Street.
Defendant testified that before crossing, he looked to his left and saw no northbound vehicles. He then looked to his right and saw plaintiff’s vehicle at the traffic light traveling southerly on Plank Road. Defendant stated he determined he had ample time to cross ahead of plaintiff so he shifted his truck into low gear, stepped on his accelerator and proceeded forward. Defendant also stated that when his vehicle reached the edge of Plank Road, his engine stalled but that the vehicle continued forward at a speed of approximately 10 miles per hour on its own momentum. According to defendant, he noted plaintiff’s oncoming automobile but did not have time to restart his motor. He also stated he deemed it advisable not to apply his brakes but to allow his vehicle to coast on its own motion because the truck was then completely astride Plank Road and just might clear the highway ahead of plaintiff’s automobile. Defendant further testified he could do nothing except wait for the inevitable collision if plaintiff did not stop.
Plaintiff testified she had stopped at the traffic light one block north of the collision and started forward when the signal became favorable. She stated she had attained a speed of approximately 35 miles per hour when she observed defendant enter the highway in front of the hardware store and proceed onto Plank Road without stopping. Plaintiff’s version of what occurred is presented solely by the following testimony appearing of record:
A. “I had stopped at this light at Brownsfield Drug Store, I don’t know the name of that street, which was about a block from where the accident occurred. I was traveling south, there was a grocery store, a lumber yard, and a fire garage which housed the fire truck — parking area in there, that’s the building which occupies that area. Mr. Walters came out of that area on into Plank Road, and that’s where I hit him. I blew and — of course, I understood after which he said his truck motor killed which is why he could not proceed across the road. But he did not stop when he came to this highway — I didn’t know why.”
The accident was investigated by State Trooper Harold Harrison who testified *263 the impact occurred in the southbound lane of Plank Road. He also testified that the front of plaintiff’s car struck the right side of defendant’s vehicle at the door. His narration of the accounts of the accident related to him by plaintiff and defendant accords with analyses hereinabove set forth. He stated he accepted defendant’s version of the incident and did not charge defendant with a traffic violation.
Appellant maintains the trial court erred in not finding defendant negligent in failing to yield the right of way to a motorist on a superior highway as is required by LSA-R.S. 32:124 of a driver entering from a private driveway. Appellant also contends the trial court erred in exculpating defendant from negligence on the ground that a motorist is not responsible for accidents resulting from latent defects in his automobile. In this regard appellant urges the trial court failed to apply the jurisprudence established in Robinson v. American Home Assurance Company, La.App., 183 So.2d 77; Dowden v. Jefferson Insurance Company, La.App., 153 So.2d 162; Breaux v. Valin, La.App., 138 So.2d 405, and other similar authorities, regarding the burden of proof incumbent upon a driver pleading the defense of a latent defect in his vehicle. In this respect, it is urged that defendant did not establish the essential elements (1) that he was not aware of the defect and that the defect could not have been discovered and remedied upon reasonable inspection, and (2) produce proof so strong as to exclude every other reasonable hypothesis with respect to the cause of the accident except that the accident resulted from the alleged defect.
Counsel for appellant is quite correct in his statement of the law in both the instances noted. However, it is axiomatic that each case must be determined in the light of its own peculiar facts and circumstances. Neither rule is controlling herein.
We pretermit all consideration of defendant’s negligence. It is well established that notwithstanding defendant’s negligence, plaintiff may not recover in a tort action if his own negligence constitutes a proximate cause of the accident. Gray v. Illinois Central Railroad Company, La. App., 132 So.2d 61, and authorities therein cited.
It is equally well established that a motorist must maintain a constant lookout and drive with his car under such control that he can stop in time to avoid injury to those who might be in a position of danger. Venero v. State Farm Mutual Automobile Insurance Company, 250 La. 892, 199 So.2d 913.
No hard and fast rule can be laid down to cover all aspects of a motorist’s duty to maintain a constant, alert lookout. Each such case must be determined in the light of its own particular circumstances. Sutton v. Travelers Indemnity Company, 252 La. 463, 211 So.2d 329.
Although plaintiff was traveling at a lawful speed and defendant was obliged to yield to her superior right of way, it is significant that plaintiff’s testimony makes no attempt to establish the distance separating the vehicles when defendant started to cross the highway. The sole testimony on this most crucial issue is that of defendant who stated he saw plaintiff’s vehicle at the traffic light one block away when he pulled up to the roadway and began to cross. Under such circumstances, there appears no reason why plaintiff, proceeding from a stop at the traffic signal, could not have brought her car to a normal halt and thus avoided striking defendant’s vehicle which was astride the highway completely blocking plaintiff’s lane of travel. If these circumstances prevailed, as defendant testified, plaintiff was guilty of gross contributory negligence.
The most favorable contention available to plaintiff is that she was faced with a sudden emergency and therefore *264 not held to the high degree of care ordinarily required of a motorist. It is settled law that a motorist faced with a sudden emergency not of his own making is not held to the same cool, deliberate judgment ordinarily required when no emergency exists. A motorist faced with such an emergency is not negligent if he exercises that degree of care to be expected of an ordinarily prudent driver under the same circumstances. Davidson v. Curole, La.App., 196 So.2d 311; Bankston v. Bueche, La. App., 206 So.2d 532; Ferry v. Hardware Dealers Fire Ins. Co., La.App., 213 So.2d 164.
The physical facts convince us that defendant did not dart out into the highway when plaintiff was so close that plaintiff had no time to take any evasive action whatsoever. Defendant was proceeding at the slow rate of 10 miles per hour, or less, whereas plaintiff was proceeding at approximately 35 miles per hour. It is undisputed that at the moment of impact, defendant’s truck blocked both lanes of the highway. The impact occurred in plaintiff’s lane of travel. There is little doubt but that plaintiff was indeed confronted with an emergency. However, it is a justifiable conclusion that the distance separating the vehicles was such as to allow plaintiff sufficient time to appreciate the danger and react thereto by taking some evasive measure. She did not avail herself of the opportunity presented other than to blow her horn. A reasonably prudent motorist would, under the circumstances, have either applied his brakes or swerved either to the right or left in an attempt to avoid the otherwise inevitable accident. Plaintiff did neither. To merely blow her horn and continue ahead at unabated speed constituted negligence under the circumstances.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.