BOLIN, Judge.
This suit arises out of a one-car accident which occurred in Coushatta, Louisiana, when an automobile driven by plaintiff, Mrs. Cobb, slid off the highway while trying to avoid a collision with a bus which had pulled out of a side street into her path of travel. Mrs. Cobb sues for pain and suffering and her husband seeks to recover for damage to the automobile, for medical expenses, and expenses for a rental car.
Defendants are A. G. Mangham, driver of the bus, Magnolia Missionary Baptist Church, owner of the bus, and its insurer, MFA Mutual Insurance Company. Defendants answered, denying the negligence of Mangham and, alternatively, pleaded the contributory negligence of Mrs. Cobb. The lower court found the action of the bus driver in entering the intersection without maintaining a constant lookout for oncoming traffic from his left was a negligent act, but that Mrs. Cobb was contributorily negligent in driving in excess of the posted speed limit under the existing weather and road conditions. Judgment denying plaintiffs’ demands was rendered and they appeal. We affirm the judgment.
In his reasons for judgment the trial judge gave a detailed account of the facts and circumstances preceding the accident which occurred in the late afternoon of August 13, 1973. It had been raining and the roads were wet. Mrs. Cobb testified she had left the plant where she worked just south of Coushatta and was driving a 1968 Ford Thunderbird north on Louisiana Highway No. 480, or Red Oak Road; that *229 she had slowed down for the curve on approaching the Clarkson Street intersection and was traveling at a speed of 30 or 35 miles per hour; that she was aware of the speed limit of 30 miles per hour; that the asphalt was wet and slick; and that she was familiar with the road which she traveled daily going to and from work. As the intersection came in view she saw the bus was already in her lane of travel and moving slowly. She testified when she saw the bus blocking the northbound lane in which she was traveling she steered her car to the left and touched her brakes. The car skidded at that instant and traveled to the left side of the highway and came to rest in a ditch on the left side of Red Oak Road, causing considerable damage to the car and the physical injuries complained of by Mrs. Cobb. There was no contact betweeen plaintiffs’ vehicle and the bus.
Mr. Mangham, driver of the bus, testified he was enroute to church with twelve or fifteen children in the bus; that he stopped the bus at the intersection, looked to his left and then to his right, and was pulling into the intersection when he looked back to the left and saw the oncoming Cobb vehicle. He immediately shifted the bus into reverse and backed out of the intersection. He stated he saw Mrs. Cobb pull her car to the left, that her wheels started sliding and the vehicle landed in the ditch.
A disinterested witness following the Cobb automobile estimated its speed at 40 miles per hour.
From our review of the record we find the trial judge corrrectly concluded that Mrs. Cobb was negligent in driving too fast under the prevailing weather and road conditions and that this negligence was a contributing cause of her accident. It is settled law in this state that one whose contributory negligence constitutes a proximate cause of an accident may not recover for injuries sustained therein notwithstanding defendant’s negligence. See Gray v. Illinois Central Railroad Co. (La. App. 1 Cir. 1961), 132 So.2d 61; Scott v. Continental Insurance Co. (La.App. 1 Cir. 1970) 233 So.2d 261. This determination makes unnecessary the discussion of other errors urged by appellants.
The judgment is affirmed at plaintiffs’ cost.