PONDER, Judge.
This is a subrogation claim by plaintiff against defendant for $3,500.00 paid under the uninsured motorist provisions of its policy. The trial court granted the relief prayed for and defendant appealed.
The issues before this court are: whether the trial judge committed manifest error in finding appellant liable for the accident, and in awarding the amount it did. We affirm.
Prior to the accident, defendant was travelling south on Highland Road in Baton Rouge; Collie J. Mangano, plaintiff’s insured, was riding his motorcycle going north on Highland. Toliver made a left turn onto East Grant, crossing the northbound lane of Highland Road. In avoiding a collision, Mangano skidded, lost control of his motorcycle, and fell to the pavement. He suffered a fracture of the left clavicle and contusions about the head and neck.
LIABILITY
The disposition of this case depends primarily on factual determinations. It is well settled in our jurisprudence that the factual finding of the trial court should not be disturbed on appeal in the absence of manifest error.
Mr. Toliver was attempting a dangerous maneuver by turning left across a busy street. A left turning motorist has a strong duty to make sure that this maneuver can be made with safety. Bankston v. Bueche, 206 So.2d 532 (1st Cir. 1968).
The versions of Mangano and Toli-ver were hopelessly in conflict. Mangano said he was 20 to 40 feet from the Toliver vehicle when it turned left onto East Grant. Toliver testified, however, that Mangano was a full 80 yards down Highland Road when he began his turn. The trial court evidently believed Mangano. We cannot say he erred.
QUANTUM
Appellant argues that the award of $3,500.00 was excessive, considering the injuries suffered by Mangano. We believe the award was well within the discretion given to the trial judge under C.C. Article 1934(3).
The special damages were in excess of $500.00. This allows less than $3,000.00 in general damages for Mr. Mangano’s injuries. Considering the report of the doctor, which characterized his recovery as slow, and the fact that he had to wear a shoulder brace for several weeks and experienced severe pain, we feel the award is warranted. See Nain v. State Farm Mutual Automobile Insurance Co., 241 So.2d 792 (3rd Cir. 1970) in which an award of $4,500.00 for more severe injuries was upheld.
The judgment of the lower court is affirmed; appellant is cast with all costs.
AFFIRMED.