JjPICKETT, Judge.

FACTS

On July 11, 2000, Drew Chenevert was involved in a collision while driving his truck in the parking lot of Wal-Mart on Evangeline Thruway in Lafayette. He struck a forklift operated by Lawrence Thomas, Jr., an employee of Wal-Mart. Mr. Thomas was acting in the course and scope of his employment at the time. Chenevert suffered injuries as a result of the accident and filed this suit against Wal-Mart, Thomas, and Wal-Mart’s insurer, American Home Assurance Co., seeking medical expenses, lost wages, and general damages. His wife, Angela Fun-derburk Chenevert, sought damages for loss of consortium.
Following a trial by jury, Thomas and Chenevert were found to be equally at fault in causing the accident. Chenevert was awarded damages of $5,000.00 for physical pain and suffering, $10,000.00 for past medical expenses, and $12,000.00 for past lost wages. No damages were awarded for mental pain and suffering, future medical expenses or future lost wages. On the consortium claim, the jury awarded $8,000.00 to Mrs. Chenevert. The trial judge signed a judgment conforming to the verdict, and ordered that costs incurred before September 21, 2001, be split equally between the parties and all costs incurred after September 21, 2001, be paid entirely by Chenevert and the Louisiana Workers’ Compensation Corporation, who intervened in the suit to recover benefits paid to Chenevert after September 21, 2001.
The Cheneverts filed a Motion for a Judgment Notwithstanding the Verdict, asking that the court find that Thomas was 100% at fault and for an increase in the damages awarded. Following a contradictory hearing, the trial court granted the JNOV in part. The trial judge found Thomas 100% at fault and increased the damage | ^awards to $85,000.00 for general damages, including mental and physical pain and suffering, $20,850.84 for past medical expenses, and $33,036.00 for past lost wages. The trial court did not increase the consortium award. The JNOV further cast the defendants with all costs of court. The Judgment Notwithstanding the Verdict was signed March 13, 2002.
The defendants lodged this appeal seeking to have the jury award reinstated. Mrs. Chenevert answered the appeal, seeking an increase in the damages awarded for loss of consortium. When Mrs. Chenevert died on October 4, 2002, Drew Chenevert was substituted as cross-appellant as the natural tutor of the minor children of Mrs. Chenevert.

ASSIGNMENTS OF ERROR

The appellants assert two assignment of error:
1) The trial court erred, as a matter of law, in granting the plaintiffs Motion for Judgment Notwithstanding the Verdict affecting the Allocation of Liability/Fault because the evidence opposing the JNOV was of such quality and weight that reasonable and fair-minded persons, in the exercise of impartial judgment, could have reached different conclusions, including the conclusion reached in the jury’s verdict.
2) The trial court erred, as a matter of law, in granting the plaintiffs Motion for Judgment Notwithstanding the Verdict affecting the Award of Damages because the evidence opposing the JNOV was of such quality and weight that reasonable and fair-minded persons, in the exercise of impartial judgment, could have reached different conclusion reached in the jury’s verdict.
The appellee answered the appeal, asserting one assignment of error:
*924 1) The trial court erred in not granting the plaintiffs Motion For Judgment Notwithstanding the Verdict by not increasing the loss of consortium award to Angela Funderburk Chenevert.

\ .DISCUSSION

All three assignments of error concern the trial court’s disposition of the plaintiffs Motion For Judgment Notwithstanding the Verdict. La.Code Civ.Pro. art. 1811(F) provides that a motion for judgment notwithstanding the verdict may be granted on the issue of liability or damages, or both.
Our supreme court clearly set forth the standard to be used in determining whether a JNOV should be properly granted in Davis v. Wal-Mart Stores, Inc., 00-445, p. 4 (La.11/28/00); 774 So.2d 84, 89:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

Allocation of Fault

The jury found Thomas 50% at fault for the accident and Chenevert 50% at fault. In ruling on the JNOV, the trial court found Thomas 100% at fault. In brief and at the hearing on the motion for JNOV, the appellee argued Chenevert was in the preferred lane of travel and had the right of way, and cited Bankston v. Bueche, 206 So.2d 532 (La.App. 1 Cir.1968) for the proposition that a motorist traveling in a favored lane of travel has the right to assume any driver on a less favored street will yield the right of way. The accident in Bankston occurred on a public street. Although the trial court did not state it was relying on Bankston in reaching its ^decision to grant the JNOV, in his discussion with counsel at the hearing, the trial judge likened the instant case as being no different from an intersectional collision.
A different standard applies in a private parking lot. In this case, the defense requested, and the judge correctly gave, the following jury instruction, citing Gatheright v. State Farm Mut. Auto. Ins. Co., 352 So.2d 428 (La.App. 3 Cir.1977):
When a vehicular collision takes place in a private parking lot the general tort law of Louisiana applies. A motorist traveling in a parking lot is required to exercise a duty of “due caution.” The motorist can breach their duty of “due caution” if they travel at a fast pace in a parking lot with other traffic present and with their vision obstructed by parked cars and other objects.
The court in Gatheright determined that, though persuasive, the Highway Regulatory Act was not controlling in private parking lots and set a standard of “due caution” when in a parking lot.
In the instant case, Chenevert was driving through an area of the parking lot which had “gang boxes” in which merchandise was stored. These gang boxes obstructed his view. There was testimony that Thomas unexpectedly drove a forklift *925 from behind one of these storage facilities and into Chenevert’s path. Two witnesses testified that Chenevert was traveling at an excessive rate of speed. Although the appellee argues this testimony should be discounted because the witnesses were Wal-Mart employees, doing so would require a credibility determination by the trial judge which is improper in a JNOV. Joseph v. Broussard Rice Mill, Inc., 00-0628 (La.10/30/00), 772 So.2d 94.
We cannot say that the evidence points so strongly in favor of the appellee that reasonable men could not reach a different conclusion. Accordingly, we reverse the [Rtrial court’s ruling on the JNOV on the issue of fault and reinstate the jury’s determination.

Damages

The jury made the following damage awards, as they appeared on the verdict sheet:
Physical Pain and Suffering (Past, Present, and Future) $ 5,000.00
Mental Pain and Suffering (Past, Present, and Future) $ -0-
Past Medical Expenses $ 10,000.00
Future Medical Expenses $ -0-
Past Lost Wages $ 12,000.00
Future Lost Wages $ -0-
In granting the JNOV, the trial court increased the awards. He awarded general damages of $85,000.00, medical expenses of $20,850.54, and past lost wages of $33,036.00.
After reviewing the evidence in this case, even given the high burden of proof that no “reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions,” we find no error on the trial judge’s part in its increase of the damages award.
The appellee’s evidence clearly establishes his medical bills, all of which were associated with this injury, totaled $20,850.54. The evidence further clearly established his actual lost wages as $33,036.00. These two items of damages being clearly established, no reasonable finder of fact could grant damages in any lesser amount absent some evidence of the inaccuracy of the amounts established by the appellee.
|f;We further find no error in the increase in the general damage award by the trial court. There is no question Mr. Chenevert was injured in this accident. Every doctor who saw him agreed he suffered a muscle or ligament strain. Treating physicians have indicated that it will be several years before his physical problems resolve. In addition, he suffers from depression. He has had to undergo an operation to facilitate a trial dorsal column stimulator and in all medical probability he will need a permanent dorsal column stimulator. In view of the extent of the injuries and problems suffered by Mr. Chene-vert as a result of this evidence, $5,000.00 cannot be considered a reasonable amount of damages. We find no error in the trial court’s determination of $85,000.00 in general damages.
The appellee answered the appeal, arguing the trial court erred in denying the Motion for JNOV as it pertains to the loss of consortium award to Mrs. Chenevert. He seeks an increase of that award. Having reviewed the record, we find no error in the trial court’s ruling and affirm that portion of the judgment rendered.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.