# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-315


**MICHELLE A. ROCHON, ET AL.**

**VERSUS**

**LAFAYETTE AIRPORT COMMISSION, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NUMBER 20011844
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLIE COLOMBARO WOODARD**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Chief Judge Ulysses G. Thibodeaux, Billie Colombaro Woodard, and Oswald A. Decuir, Judges.

**REVERSED AND REMANDED.**

Kenneth Winslow Benson, Jr.
Giardina & Olinde
9100 Bluebonnet Ctr. Bvd.,#300
Baton Rouge, Louisiana 70809
(225) 293-7272
Counsel for: Defendant/Appellee
    Liberty Mutual Insurance Co.
    N. Lynn Harris
    Steck Vaugh Co.

Richard R. Kennedy
Richard R. Kennedy III
309 Polk Street
Lafayette, Louisiana 70502-3243
(337) 232-1934
Counsel for: Plaintiff/Appellee
    Michelle A. Rochon

Charles J. Foret
Gary Jude Delahoussaye
Briney & Foret
Post Office Drawer 51367
Lafayette, Louisiana 70505
(337) 237-4070
Counsel for: Defendant/Appellant
    Republic Parking Systems, Inc.
    Lafayette Airport Commission
    Ace Property & Casualty Ins. Co.
    Hartford Fire Ins. Co.

WOODARD, Judge.

Two Defendants appeal the trial court's summary judgment in favor of a third Defendant in this automobile case. The trial court dismissed Defendant Nancy Harris, along with her employer and its insurer, finding that she did nothing to cause or contribute to the car accident in which she and the Plaintiff were involved. We reverse the trial court's summary judgment because disputed issues of material fact remain.

* * * * *

This case arises from an automobile accident in Lafayette Regional Airport's parking lot on April 13, 2000. While in the course and scope of her employment with Steck-Vaughn Company, Nancy Harris drove one of the vehicles involved; Jay Wilkinson drove the other with Michelle Rochon as a passenger. Mr. Wilkinson had just left the electronic gate which separates the short-term parking lot from the long-term lot. A driver in the short-term lot must travel through the long-term lot to reach the ultimate exit. Ms. Harris was already in the long-term lot, traveling towards the exit. Mr. Wilkinson's lane of travel and Ms. Harris' lane of travel intersect just beyond the gate. Both drivers agree that a large vehicle was parked at the end of the parking row, obstructing their view of each other. The two cars collided at this intersection, allegedly causing injuries to Ms. Rochon.

Mr. Wilkinson and Ms. Rochon filed suit against Ms. Harris, her employer, Steck-Vaughn, and its insurer, Liberty Mutual Insurance Company (collectively "Harris"), Lafayette Airport Commission d/b/a Lafayette Regional Airport (Lafayette Regional), and Republic Parking Systems, Inc. (Republic). Subsequently, Mr. Wilkinson voluntarily dismissed his claims, leaving Ms. Rochon as the sole Plaintiff in the case.

Lafayette Regional and Republic filed third-party demands against Mr. Wilkinson and his insurer (collectively Wilkinson), which they later voluntarily dismissed. Importantly, however, they reserved their rights to proceed against Ms. Harris and any other parties.

The trial court granted summary judgment in Ms. Rochon's favor on the issue of comparative negligence, since she did not cause or contribute to the accident. Ms.

1

Harris filed a similar motion for summary judgment, alleging that she did not cause or contribute to the accident, which the trial court initially denied. Subsequently, Lafayette Regional and Republic moved for summary judgment at which time Ms. Harris re-urged her motion. The court granted Ms. Harris' motion, dismissing her, her employer, and its insurer but denied the other two Defendants' motions, leaving them as the only remaining Defendants in this case. Lafayette General and Republic appeal the summary judgment in Ms. Harris' favor.

* * * * *

**STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

We review summary judgments, *de novo*, under the same criteria which govern the trial court's consideration of whether summary judgment is appropriate.[1] Therefore, a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue, regarding a material fact and that the mover is entitled to judgment as a matter of law.[2]

Louisiana Code of Civil Procedure Article 966(C)(2) charges the moving party with the burden of proving that summary judgment is appropriate. However, if the moving party will not bear the burden of proof at trial on the matter that is at issue in the summary judgment, which is the case here, the movant's burden is to point out that one or more elements essential to the adverse party's claim, action, or defense lacks factual support.[3]

Thus, Ms. Harris does not have to negate every essential element of the duty-risk analysis in this case. If she makes a *prima facie* showing that any one of the elements lacks factual support, the burden shifts to the adverse party who must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial.[4] If the adverse party fails in this burden, there is

---

[1] *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191.

[2] La.Code Civ.P. art. 966(B).

[3] La.Code Civ.P. art. 966(C)(2).

[4] *Id.*

no genuine issue of material fact in dispute, and the movant is entitled to judgment as a matter of law.[5]

**BURDEN OF PROOF**

Jurisprudence dictates that we use the duty-risk analysis to determine whether recovery is permitted under the statute which obligates each person to repair damage that s/he causes.[6]  This includes a determination of whether: 1) the defendant's conduct was a cause-in-fact of the resulting harm; 2) the defendant owed a duty to the plaintiff; 3) the duty was breached; 4) that duty encompassed the particular risk and harm which the particular plaintiff suffered; and 5) the plaintiff suffered actual damages.[7]

La.Code Civ.P. art. 966(C)(2) charges the moving party (Ms. Harris) with the burden of proving that summary judgment is appropriate.  However, because she will not bear the burden of proof at trial on the matter that is at issue, she may satisfy her burden by pointing out that one or more elements essential to the adverse party's claim, action, or defense lacks factual support.[8]  Thus, Ms. Harris must negate one or more essential elements of the duty-risk analysis in this case.

**JUDICIAL CONFESSION**

In support of her motion for summary judgment Ms. Harris urges that there is no factual support that she caused or contributed to the accident.  She offered a memorandum that the Plaintiff, Ms. Rochon, filed expressing agreement. Specifically, Ms. Rochon's memo states:

> While plaintiffs allege acts of negligence against Nancy L. Harris, all of the evidence adduced in depositions of the three (3) people that were involved in this incident – who happen to be the only three (3) people with any knowledge of this accident – fail to support the Petitioner's allegations.

---

[5]La.Code Civ.P. art. 966(B) & (C)(2).

[6]La.Civ.Code art. 2315.

[7]*Bordelon v. St. Frances Cabrini Hosp.,* 93-1331 (La.App. 3 Cir. 5/4/94), 640 So.2d 476, *writ denied*, 94-1371 (La. 9/16/94), 642 So.2d 196.

[8]La.Code Civ.P. art. 966(C)(2).

Nonetheless, Ms. Rochon has not chosen to voluntarily dismiss Ms. Harris from the suit. We cannot construe the above statement as a judicial admission as Ms. Harris urges because Ms. Rochon does not have the capacity to make such an admission. A judicial admission, or confession, is a "party's acknowledgment of the correctness of the fact or act charged against him by his adversary." In the instant situation, Ms. Rochon is not acknowledging any fact or act that has been charged against her. Rather, she is contradicting the allegations she made in her own petition against Ms. Harris. If Ms. Rochon wishes to retract her allegations, the appropriate method of doing so is to voluntarily dismiss them; she may not absolve another party of liability through a judicial confession under these circumstances.

Accordingly, we examine the record to determine whether there are any disputed issues of material fact precluding Ms. Harris' summary judgment.

**DISPUTED ISSUES OF MATERIAL FACT**

Before addressing Ms. Harris' potential negligence, we must first determine if she owed any duty to the Plaintiff. "A motorist traveling in a parking lot is required to exercise a duty of due caution."[9] We recognize that "due caution" is an all-encompassing phrase; thus, we must construe it in light of the particular facts of each case. In fact, "no fixed rule exists for determining what conduct constitutes negligence; thus, the facts and environmental characteristics of each case must be considered and treated individually."[10]

A motorist approaching an intersection must yield to favored motorists. The favored motorist is the one who has the right-of-way. Mr. Wilkinson testified in his deposition that he had the right-of-way, and Ms. Harris should have stopped at the intersection. On the contrary, Ms. Harris testified in her deposition that she had the right-of-way, although she conceded that either of them could have reasonably assumed that he or she had the right-of-way. She argues that this disputed fact is

---

[9]*Chenevert v. Wal-Mart Stores, Inc.*, 02-1075, p. 4 (La.App. 3 Cir. 2/5/03), 838 So.2d 922, 924 (citing *Gatheright v. State Farm Mut. Auto. Ins. Co.*, 352 So.2d 428 (La.App. 3 Cir. 1977)).

[10]*Este v. Roussel*, 01-1859, p. 10 (La.App. 4 Cir. 11/6/02), 833 So.2d 999, 1006-07 (quoting *Coleman v. Riley*, 00-673, p. 3 (La.App. 4 Cir. 2/7/01), 780 So.2d 1071, 1073).

immaterial because the intersection was not marked; therefore, failure to yield or stop does not constitute negligence.

However, it is reasonable to expect drivers to treat unmarked intersections as they would a signaled intersection in which the signal is not functioning. In such cases, the intersection reverts to an all-way stop.[11] While we recognize that the statute, providing for the intersection to revert to an all-way stop, governs road or street intersections, it is still persuasive authority.[12] Moreover, Mr. Fabian Patin, expert for Lafayette Regional and Republic, testified that intersections within parking lots imply a three-way or four-way stop.

Notwithstanding, Ms. Harris further contends that she was unaware that she was approaching an intersection because of the parking lot's layout and because of the large parked vehicle that obstructed her view. However, Ms. Rochon's petition as well as Ms. Harris' co-defendants urge that Ms. Harris was negligent in failing to see what she should have seen. Jurisprudence holds that "[i]f a motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen."[13]

Mr. Jason Devillier, Deputy Director of Lafayette Regional, pointed out that the parked cars beyond the intersection were arranged differently from those parked on either side of the electronic gate, giving a visual clue to a driver coming from Ms. Harris' direction that there was an intersection there. Mr. Patin testified that both drivers should have been able to see the intersection. He also indicated that Ms. Harris should have observed the gate arm as it raised in the air, allowing Mr. Wilkinson to proceed. Additionally, Ms. Harris admitted that she knew that short-term parkers had to come through the long-term lot in order to reach the exit toll booths, that the gate from short-term to long-term was in the general vicinity, and that she did not believe she had already passed the gate at the time of the collision.

---

[11]La.R.S. 23:232.1.

[12]*See Chenevert*, 838 So.2d 922.

[13]*Cormier v. Albear*, 99-1206, p. 7 (La.App. 3 Cir. 2/2/00), 758 So.2d 250, 255 (quoting *Sanchez Fernandez v. General Motors Corp.*, 491 So.2d 633, 636-637 (La.1986)).

Accordingly, we find that there are genuine issues of material fact in dispute that cannot be disposed of summarily. Certainly, the factfinder may ultimately conclude that Ms. Harris did not breach a duty or that any breach did not contribute to the accident. However, determining whether she exercised due caution under the circumstances is an intensely factual inquiry, inherently inappropriate for summary judgment.

## CONCLUSION

We find disputed issues of material facts preclude a judgment absolving Ms. Harris of any liability at this stage. We reverse the summary judgment in her favor and remand the matter so that the factfinder may determine liability after the evidence is more fully developed at trial.

**REVERSED AND REMANDED.**