HAWTHORNE, Justice.
 

 A writ of certiorari was granted in this case, 245 La. 97, 157 So.2d 235, to review a judgment of the Court of Appeal affirming a judgment of the district court which awarded to plaintiff, Julian Cavalier, damages for injuries sustained on being thrown from a cane buggy or trailer. The defendant is Peerless Insurance Company of Keene, New Hampshire, the liability insurer of the vehicles owned by the State of Louisiana and operated by the Louisiana State Penitentiary/ in one of which plaintiff was riding when the accident happened.
 

 Plaintiff, an inmate of the penitentiary at Angola, was being conveyed in a cane buggy or semi-trailer pulled by a farm tractor on a gravel road within the confines of the penitentiary. The trailer was equipped with a steel tongue which was connected to a draw bar on the tractor by a steel pin. The pin had a cap or head to prevent its slipping through the hole in the
 
 *339
 
 connection, and this cap had teen welded onto the pin by the penitentiary inmates or personnel. The cap of the pin broke off, and thus the tractor and the trailer became disconnected. The steel tongue of the trailer fell to the ground, the trailer stopped abruptly, and as a result the plaintiff was thrown from the trailer to the ground and was injured. These facts are conceded.
 

 Plaintiff in his petition alleged numerous acts of negligence, such as that the pin was defective, that the cap was negligently welded onto the pin, that the speed of the tractor was excessive and the driver negligent, and, alternatively, that safety chains were not provided. The district judge after trial on the merits first concluded that plaintiff had failed to prove any negligence, and dismissed his suit. A new trial was granted, however, and plaintiff was awarded damages of $1700.00.
 

 Plaintiff has utterly failed to prove that the pin which had been constructed by welding a top onto a piece of metal was inferior as a type of construction, that the welding was negligently done, or that the speed of the tractor was excessive or the driver negligent. He did, however, prove 'that no safety chain- was provided to keep a connection between the tractor and the buggy'in case the pin broke or was disengaged.
 

 According to the Court of Appeal opinion, 156 So.2d 105, 106, “In order to establish negligence, the plaintiff relies on LSA-R.S. 32:281 which, in part, requires chain connections on trailers operated upon the public highways of the State”. That court evidently was of the opinion, as we are, that plaintiff had completely failed to prove his other allegations of negligence.
 

 R.S. 32:281 (now R.S. 32:388) of the Highway Regulatory Act provides in Subsection A, among other things, that no trailer shall be operated
 
 on the public highways
 
 of this state outside the corporate limits of an incorporated city or town with a gross weight on any axle exceeding certain specified tonnages. This statute further provides in Subsection B that any bona fide farmer whose principal occupation is that of tilling the soil shall be allowed to operate on the public highways a combination of vehicles not to exceed two semitrailers hauled by truck or tractor, free from the above limitations when he is engaged in bona fide farm operations, etc.; but that when this combination of vehicles is used on the public highways as thus permitted, it shall not be operated at a speed exceeding 20 miles per hour, “and the semi-trailers shall be protected by chain connections”.
 

 The Court of Appeal stated: “The Louisiana statute should be looked upon as creating a standard of care to be met by those responsible for the operation of trailers, but insofar as its penal provisions are concerned, it is limited to 'the public highways of this state.’ However, this is not a
 
 *341
 
 criminal proceeding and we can discover no logic in the defendant’s argument that the standard of care should differ in a case arising on private property, and should not he applicable to the transportation of passengers in a trailer. * * * ” The Court of Appeal then concluded that the State was negligent in not providing the trailer with safety chains, and that this negligence was the proximate cause of the accident.
 

 As we have pointed out previously, the tractor and the semi-trailer were being operated in the confines of the penitentiary and not on a public highway, and thus there has been no breach or violation of the provisions of the statute. The statute creates a standard of care in such cases for the public highways, and in our judgment there is no basis for extending that standard to private roads. We do not think that this court would be warranted in stating that the Legislature intended the provisions of the Highway Regulatory Act here relied upon to set a standard of care at any place except on the public highways of this state.
 

 The Court of Appeal therefore was ill error in concluding that the Highway Regulatory Act provides the standard of care in this case, and in concluding that the failure to have safety chains was negligence.
 

 Moreover, if we should assume that there was a violation or breach of the statute here involved, that breach under the law would be negligence per se, but the negligence to be actionable must have a causal connection with the accident. Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891, and authorities there cited. Although plaintiff in the instant case proved that there were no safety chains on the tractor-trailer, nevertheless there was no proof at all that having safety chains would have prevented the tongue of the cane buggy from dropping and digging into the ground, and therefore there is no proof that the chains would have prevented this accident.
 

 It is true that the inmates of a penitentiary have no discretion as to the means or manner in which they are transported; but though this lack of discretion certainly would increase the area of responsibility of the penitentiary by cutting out certain defenses often available to the ordinary defendant, such as assumption of risk and in some cases perhaps contributory negligence; lack of such discretion would not increase the standard of care or relieve the inmate from establishing or proving negligence.
 

 For the reasons assigned the judgment of the Court of Appeal is annulled a,nd set aside, and plaintiff’s suit is dismissed at his costs.
 

 HAMITER and SUMMERS, JJ, concur in the result.