BOLIN, Judge.
By this action Thomas C. Reed claims • damages for bodily injuries, loss of wages, medical expenses and damage to his automobile resulting from a collision between his vehicle and one being driven by Barbara O. Johnson and insured by State Farm Mutual Automobile Insurance Company. Defendants denied fault on the part of Mrs. Johnson, alleged the sole cause of the collision was the negligence of Reed and alternatively pleaded contributory negligence. Without assigning written reasons the lower •court rejected plaintiff’s demands and he .appeals.
The accident occurred on a large parking lot constructed by Sears, Roebuck and Company in Shreveport, Louisiana, for the -use of its patrons. Plaintiff, driving a Falcon car, had parked his vehicle near The rear entrance of the store in order to pick up a lawn mower. After loading the merchandise into his car he proceeded in a southerly direction between two rows of parked automobiles. He had traveled only a short distance and had emerged from between the parked automobiles into an intersecting lane on the parking lot when his automobile was struck by a Ford car being driven by Mrs. Johnson in a westerly direction. Mrs. Johnson testified that she was keeping a careful lookout; that she had previously stopped not far from the scene of the accident in order to allow another vehicle to cross her path; that she was unable to estimate her exact speed but that she was not traveling at an excessive rate of speed. She. said she did not see the Falcon automobile until it emerged suddenly from the line of parked automobiles directly in front of her, after which she' applied her brakes and did everything possible to avoid the accident.
Since the collision occurred on private property and there were no allegations or proof of any statutes or ordinances controlling traffic the case must be dec/ded under the general tort law of Louisiana as contained in Louisiana Civil Code Articles 2315 et seq.
The record before us is brief. The sole question to be resolved is one of fact. We shall not comment upon the testimony of the various witnesses who appeared in the lower court. From our examination of the record, together with the exhibits attached thereto, we have concluded plaintiff has failed to prove the collision was caused by the negligence or fault of Mrs. J ohnson.
Plaintiff having failed to prove his case it is unnecessary to pass upon defendants’ alternative plea of contributory negligence.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.