LANDRY, Judge.
Defendant, Allstate Insurance Company (Allstate), takes this appeal from the judgment of the trial court awarding plaintiff, Lawrence Day, judgment in the stipulated sum of $600.00 for damages occasioned his 1963 Oldsmobile which was struck from the rear by an automobile being driven by Allstate’s assured, James P. DeFord, III, while parked on privately owned property at night without lights. We find no error in the judgment complained of and affirm same.
The stipulated facts concerning this lawsuit reveal an absence of dispute with respect to the salient attending circumstances. The accident occurred at approximately 1:50 A.M., May 15, 1968, in Baton Rouge, on a privately owned “service road” connecting Government Street (a major four-lane, east-west thoroughfare) with the rear of a commercial complex known as the Rebel Shopping Center, which facility fronts on Florida Boulevard, another primary prime east-west roadway. The service road runs in a northerly-southerly direction and parallels the Rebel Drive-In Theatre which constitutes a unit of the center and fronts on the north side of Government Street. Said “service road” is apparently of normal city street *463 width and paved. Although the “service road” is not marked with regulatory signs of any nature, it is divided by a painted center line running its entire length. It is not equipped with street lights as city streets are as a rule. At the moment of impact plaintiff was alone in his automobile, parked without lights in the right or southbound lane of the service road watching the movie being shown at the drive-in movie to his left on the east of the “service road”. Plaintiff’s vehicle had been so parked approximately 15 to 20 minutes prior to the impact.
DeFord and his guest passenger, John Allsbrook, admittedly spent the preceding afternoon and evening together in mutual pursuit of various forms of pleasure, all of which involved the consumption of beer. Most of the afternoon they fished together, during which interlude DeFord drank two or three beers. In the late afternoon the two friends partook of supper at a club-restaurant, remaining there several hours and consuming an undetermined quantity of beer. At approximately 11:30 P.M., the friends left the restaurant, rode around for a while and proceeded to a bar on the Airline Highway where each drank additional beers. Their homeward route, though not given with exactitude, appeared to take them in the vicinity of the Rebel Shopping Center on Florida Boulevard. DeFord elected to make use of the service road connecting Florida Boulevard and Government Street, which facility he considered a “short cut”. It appears the collision took place at a point approximately 150 feet south of the entrance from the shopping center parking area to the service road, plaintiff’s vehicle being then parked in the southbound lane of the service road. It is conceded DeFord did not see the parked vehicle until it was too late to take any evasive action whatsoever. It also appears DeFord only saw plaintiff’s car at all because his passenger, Allsbrook, alerted him to its presence by yelling “look out”.
The parties agree that in instances where automoble accidents occur on privately owned property, as distinguished from public streets or thoroughfares, liability is determined in accordance with general tort law. The basis of the rule is that since our laws governing operation and regulation of motor vehicles expressly apply only to vehicles being operated on public roadways, they may not be invoked with respect to accidents occurring on private property. Hinegardner v. Dickey’s Potato Chip Company, La.App., 205 So.2d 157; Reed v. State Farm Mutual Automobile Insurance Co., La.App., 188 So.2d 756.
In general our jurisprudence has adhered to the initial rule that a motorist traveling at night will be charged with the responsibility of seeing that which should be readily visible within the range of illumination of properly working headlights. See Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238.
The rule applied in Louisiana Power & Light Co., supra, has admittedly been subjected to considerable erosion. See, for example, Shively v. Hare, La.App., 189 So.2d 12, wherein exceptions have been recognized predicated upon changing conditions prevalent on our modern highways.
In Stelly v. Fidelity & Casualty Company of New York, La.App., 201 So.2d 24, the “exception” is explained thusly:
“A long line of jurisprudence has developed which several writers have referred to as ‘the erosion of the assured clear distance rule’. The thrust of this jurisprudence is a continuous departure from the rule that a night motorist must drive with such meticulous care that he can bring his vehicle to a complete stop within the range of vision afforded by his headlights.”
The rationale of the so-called “erosion” or “exception” is unquestionably the increased speeds at which motor vehicles travel our improved modern highways, especially multilane roadways which eliminate oncoming traffic. It seems the view *464 has prevailed, and we think rightly so, that it is unfair to charge a motorist with observing an unlighted or darkened object blocking his path on a high-speed roadway where it may logically be assumed no such obstruction exists or is permitted. We are in accord with that line of authority which applies the exceptions to open, high-speed highways. We also find the facts of the case at hand do not justify invocation of the exception herein.
Subject accident occurred on a privately owned service road, closely resembling a city street situated in a downtown business district. Clearly the locus was one in which high speeds were neither lawful nor to be expected in the ordinary course of things. Here there was no oncoming vehicle whose headlights blinded or otherwise impaired DeFord’s vision. There was no traffic congestion; subject vehicles were the only vehicles on the street at the time of the accident. In addition, visibility was in no way impaired, the weather being fair.
In the case at bar, defendant’s assured completely failed to see a parked vehicle in time to avoid colliding therewith, notwithstanding his proceeding at a relatively slow rate of speed under the circumstances shown. The conclusion is inescapable that had DeFord been maintaining a proper lookout, he could and should have seen the parked car in ample time to avoid the collision. His failure to timely observe the stationary automobile constituted actionable negligence.
We find no merit in defendant’s alternative contention that plaintiff is barred from recovery because of contributory negligence in parking an unlighted vehicle under the circumstances shown. We equate plaintiff’s action to that of a motorist parking a vehicle upon a city street at night. Common knowledge teaches that in cities thousands of vehicles are so parked nightly. Under the conditions prevailing, we find a motorist, parking as did plaintiff herein, could reasonably anticipate that a driver proceeding in a careful manner would become aware of the presence of the parked vehicle in time to avoid a collision.
Our research discloses that those authorities placing responsibility on the driver of the parked, unlighted vehicle, in instances of this nature, have almost exclusively concerned accidents which occurred on open highways or routes on which high speeds were lawful and to be expected. See for example, Woods v. Employers Liability Assurance Corp., La.App., 172 So.2d 100; Shively v. Hare, supra; Sittig v. Southern Farm Bureau Casualty Insurance Company, La.App., 198 So.2d 514.
We find the facts of the instant case distinguish it from Woods, Shively and Sittig, supra. We also find plaintiff free of negligence constituting a proximate cause of the accident.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.