ELLIS, Judge.
This case arises out of an automobile accident which happened in the South Stadium parking lot at Louisiana State University in Baton Rouge, Louisiana, on January 29, 1968. The vehicles involved were an automobile owned by Roger Bizette and operated by his son, Roger Bizette, Jr., and an automobile owned and operated by Anna. M. Lastilla. This suit was brought by Mr. Bizette individually for the loss of his automobile, and for medical expenses, and on behalf of his minor son for personal injuries. After suit was filed, Roger Bizet-te, Jr. came of age and was joined as party plaintiff in his own right. After trial on the merits, judgment was rendered in favor of the plaintiffs and against Mrs. Lastilla and her insurer. From that judgment, defendants have appealed.
The record shows that automobiles entering and leaving the parking lot can do so on two different types of roadways. The main roadways run north and south and provide two lanes for moving vehicles entering and leaving the parking lot. The direction traffic is to move is shown by arrows painted on the surface of the roadway. One lane roadways intersect the two lane roadways at right angles and run east and west. Traffic is permitted to move in only one direction on these roadways, which is indicated by arrows painted on the surface of the road. There are no stop signs or other traffic controls at the intersections.
Bizette was driving on a two lane roadway in a northerly direction, at a speed of about 15 miles an hour, and in his proper lane of traffic. Mrs. Lastilla was operating her vehicle in an easterly direction on a one lane roadway at a speed which she estimated to be 15 or 20 miles an hour. She testified that she knew she was supposed to stop when she came to the intersection, and that she did stop. Seeing nothing approaching, she started up and first saw the Bizette car when it was too late for her to avoid the collision. Mr. Bizette *769 stated that he did not see her at all until the collision took place. She struck the Bizette vehicle just about in the center of its left side. The campus police oficer who investigated the accident testified that Mrs. Lastilla left 30 feet of skid marks leading up to the point of impact, and that these skid marks began six feet west of the westerly edge of the intersection. The officer also testified that it was the custom in the parking lots on the L.S.U. campus that the two way roadways have the right of way over the one way roadways. Both Mrs. Lastilla and Bizette testified that they were aware that this was the usage followed in the campus parking lot. The trial court found that the Bizette vehicle had the right of way and that in failing to yield the right of way Mrs. Lastilla was guilty of negligence proximately causing the accident.
The defendant claims that the court was wrong in finding that the plaintiff had the right of way.. It is further claimed that the trial court was wrong in not finding Bizette guilty of contributory negligence.
Since this accident did not occur on a public highway, the standard of care required of the drivers is not necessarily established by the Highway Regulatory Act. Cavalier v. Peerless Insurance Company of Keene, N.H., 246 La. 336, 164 So.2d 347 (1964). Liability is to be determined in accordance with general tort law under Article 2315 of the Civil Code. Day v. Allstate Insurance Company, 223 So.2d 461 (La.App. 1 Cir. 1969).
In determining the duties reciprocally owed by those operating their vehicles on private property, we must also be guided by the provisions of R.S. 32:25, which reads:
“Nothing in this Chapter shall be construed to prevent the owner of real property used by the public purposes of vehicular travel by permission of the owner, and not a matter of right, from prohibiting such use, or from requiring other or different or additional conditions than those specified in this Chapter, or otherwise regulating such use as may seem best to such owner.”
Violations of such regulations would not be negligence per se, but their use in determining fault under Article 2315 is certainly authorized by our law in the absence of any positive law on the subject. Article 21, Civil Code.
The campus police officer who testified stated that the provisions of the Highway Regulatory Act relating to the operation of motor vehicles on the public highways were enforced throughout the L.S.U. campus. There is no testimony to the contrary, although no other evidence was adduced to show that there was any official university regulation on the subject.
We further note that both Mr. Bizette and Mrs. Lastilla testified that they were operating their vehicles under the assumption that the two lane roadways had the right of way over the one lane roadways. Mrs. Lastilla testified that she stopped at the intersection in obedience to this usage.
Under all of the above circumstances, we think that the trial judge was justified in concluding that Mr. Bizette had the right of way, and that he was without fault in the accident. If Mrs. Lastilla’s testimony that she stopped at the intersection is to be accepted, there can be no doubt that she failed to see what she should have seen and that she entered the intersection at a time when it was patently unsafe to do so. On the other hand, if the testimony of the police officer as to the skid marks left by her car is to be believed, it is equally apparent that Mrs. Lastilla failed to yield the right of way and made no attempt to stop until it was too late to avoid the collision. In either event, her negligence was the proximate cause of the accident.
The judgment appealed from is, accordingly, affirmed, at defendant’s cost.
Affirmed.