AYERS, Judge.
This action arose out of an accident which occurred at 7:56 p. m., during daylight hours, on July 23, 1968, at the intersection of Lakeshore Drive and Portland Avenue in Shreveport. Lakeshore Drive, a 4-lane principal thoroughfare, runs generally east and west and intersects and crosses Portland Avenue at right angles. Plaintiff, a pedestrian, while crossing Lakeshore Drive from north to south in a crosswalk or space adjacent to the west side of Portland Avenue, was struck by an automobile owned and driven by Tony L. Rinaudo, Sr. By this action plaintiff seeks to recover from Rinaudo’s insurer damages for shock, pain, and suffering as well as for disabilities sustained and to be endured by him as a result of the accident. Claim is also made for reimbursement of hospital and medical expenses incurred in the treatment of his injuries as well as for loss of earnings during the period of his disability. Defendant denied any fault on the part of its assured and, in the alternative, pleaded contributory negligence on the part of plaintiff as barring and precluding his recovery.
This cause was tried before a jury which, at the close of trial, rendered a verdict in favor of plaintiff and against defendant for $7,327.20, which the jury itemized as follows :
Medical expenses $ 327.20
Loss of earnings 1,000.00
Shock, physical pain, and suffering (past) 2,500.00
Shock, physical pain, and suffering (future) 1,000.00
Permanent impairment 2,500.00
From the judgment signed in accordance with the jury’s verdict, defendant appealed. Plaintiff, by answer to the appeal, prayed for an increase in the award for personal injuries.
First for consideration is an issue pertaining to the fault vel non of defendant’s assured. Negligence charged to him consists of running a red light, overtaking and passing a vehicle stopped at a crosswalk to permit a pedestrian to cross the roadway, failure to exercise due care and circumspection, to keep a proper lookout, to yield the right of way or to give a warning signal, or to stop after discovering plaintiff’s peril. Contributory negligence directed to plaintiff consists primarily of leaving purported places of safety at the curb and near the center of the street, and passing in front of a stopped car and running into defendant driver’s lane of travel.
The facts established by the record as to •the occurrence of the accident may be briefly reviewed. Movement of traffic through the intersection is governed by customary electric signal lights. Prior to the occurrence, plaintiff had parked his car off the street at the southwest corner of the inter *853 section. From there he walked across Lake-shore Drive to a service station located at the northwest corner of the intersection. On reaching the curb to return to his car, plaintiff first ascertained that he had a favorable signal to again cross the street, whereupon he stepped from the curb and proceeded in a walk. In the meantime an automobile driven by Carl William Worley approached the intersection from the west in the inner eastbound traffic lane and stopped because of an unfavorable signal. On reaching the front of the Worley vehicle, plaintiff looked at the signal light and observed a change in signals had occurred, whereupon he increased his pace to a run to cross the remaining outer eastbound traffic lane of Lakeshore Drive. When within approximately two steps of the south curb of the street, plaintiff was struck by the right fender of the Rinaudo car which approached the intersection from the west in that outer, or southernmost, traffic lane of the street. In thus proceeding, the Rinaudo car passed the Worley car stopped as aforesaid at the intersection. Plaintiff, knocked from the street over the curb, sustained the injuries for which he claims damages.
Rinaudo explained that he never saw plaintiff until plaintiff emerged from the front of the Worley vehicle and thus came into his sight. Rinaudo stated that at that moment he was three car lengths away. After applying his brakes, Rinaudo skidded his car 29 feet before the impact. Plaintiff testified he never saw Rinaudo’s car until he heard a noise generated by Rinaudo’s application of his brakes.
It appears pertinent to point out that Rinaudo testified that when he was a block away, at the intersection of Lakeshore Drive and Virginia Avenue, he observed an unfavorable traffic light at the street’s in-» tersection with Portland Avenue. Nevertheless, he professed never to have seen plaintiff leaving the curb or traversing the north two westbound traffic lanes of the street. No reason was advanced for his failure in this respect for plaintiff was in plain view. Thus, it can only be concluded that Rinaudo was not looking or maintaining a proper lookout. He is charged with not seeing what was there for him to see and what he could have seen by the exercise of reasonable circumspection and precaution.
Defendant specifies as error failure of the trial court and jury to find contributory negligence on the part of plaintiff in the asserted complete absence of any testimony by him that he looked to his right before stepping from behind the Worley vehicle into the path of the Rinaudo car. In this regard, defendant pointed out that plaintiff never sáw the Rinaudo vehicle until after the application of its brakes, which he could have seen had he exercised the slightest precaution, and that, moreover, plaintiff left a place of safety in front of the stopped Worley vehicle and attempted to cross the remaining lane of traffic in front of defendant driver’s vehicle.
A further error is assigned in the finding by the trial court and jury of negligence on the part of the driver of the Rinaudo car in view of the contention there was no proof of any kind that Rinaudo was proceeding at an excessive rate of speed or that he was not maintaining a proper lookout or did not have his vehicle under proper control.
There was no showing that plaintiff stopped in front of the Worley vehicle. The evidence establishes that plaintiff crossed the north curb and entered the street on a favorable signal light; that his stride was that of a walk until he reached the approximate center of the street where, on seeing the light had changed, he increased his pace to that of a trot or run. Likewise, contrary to defendant’s contention, Rinaudo, by his own admission was not maintaining a proper lookout; otherwise, as heretofore noted, he could and should have seen plaintiff enter the street on a favorable signal and should have observed him as he walked across, at least, the north half of the street.
Thus, it must be concluded that plaintiff, with a favorable signal to proceed when *854 commencing his crossing maneuver, was lawfully within the intersection or the crosswalk adjacent thereto when a change in signals was effected. An appropriate statutory rule provides:
“Whenever traffic is controlled by traffic-control signals exhibiting the words “Go,” “Caution,” or “Stop,” or exhibiting different colored lights successively at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
“(1) GREEN alone, or GO:
“(a) Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of zvay to other vehicles and to pedestrians lawfully within the intersection or an adjacent cross walk at the time such signal is exhibited.
“(b) Pedestrians facing the signal may proceed across the roadway within any marked or unmarked cross walk, * (Emphasis supplied.)
LSA-R.S. 32:2312.
Appropriate to the situation, also, is the provision of LSA-R.S. 32:212, subd. C, which recites:
“Whenever any vehicle is stopped at a marked cross-walk or at any unmarked cross-walk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle.”
Inasmuch as the accident occurred in Shreveport, municipal ordinances in language identical with that of the quoted statutes are also applicable.
Judging plaintiff’s acts by the aforesaid rules prescribed by both statute and ordinance, it can only be concluded that plaintiff, in stepping from the curb to cross the street on a favorable light, was lawfully in the intersection or in the crosswalk adjacent thereto, thus pre-empting the intersection or crosswalk, and was accordingly entitled to complete his crossing in safety notwithstanding a change in signals during his crossing maneuver. Moreover, it is also concluded that the motorist’s failure to see plaintiff in the crosswalk was due to the motorist’s inattention and failure to see what he could and should have seen before reaching the intersection. The motorist was also negligent in violating both statute and ordinance in overtaking and passing the Worley vehicle stopped in the inner eastbound traffic lane of Lakeshore Drive to permit plaintiff to complete the crossing of the street.
Plaintiff’s actions, as above noted, were in conformity with positive law. Hence, in gauging any fault, if any, attributable to him (and we find none), and before finding him derelict in his duty, we must be convinced his dereliction was most substantial and that it was such a direct factor that, without it, the accident would not have occurred.
Kientz v. Charles Dennery,
209 La. 144, 24 So.2d 292, 295 (1945);
Youngblood v. Robison,
239 La. 338, 118 So.2d 431, 434-435 (1960).
While the pronouncements with reference to the principles referred to in the cited cases had reference to motorists, we can conceive of no reason, in view of the language of the aforesaid statutory provisions, why these principles should not have equal application to pedestrians whose rights and responsibilities are prescribed by the same legislative enactments.
The facts and circumstances established in the record now before us, and to which we have referred, lead to the irresistible conclusion that defendant’s assured was at fault in not according plaintiff the right of way in his negotiation of the street *855 crossing, in not maintaining a proper lookout and, therefore, in not seeing plaintiff in the crosswalk or in the intersection, and in passing a vehicle which, proceeding in the same direction, had stopped to permit plaintiff to complete his crossing maneuver. We conclude, as obviously did the jury and the trial court, that such faults of the defendant were the sole cause of the accident and that plaintiff was free from fault.
With respect to the quantum of the award, it may be noted defendant does not contend that the award was not within the discretion of the trial court and jury. Although plaintiff answered defendant’s appeal and prayed for an increase in the award, this demand has been abandoned in this court. In referring to defendant’s aforesaid concession, plaintiff’s counsel, in brief, commented: “ * * * it does not appear necessary to take any more of the court’s valuable time with argument on the quantum of damages.” Consequently, no specific error with reference to the award has been pointed out; nor do we find any on our own examination of the record.
The judgment appealed is accordingly affirmed at defendant-appellant’s costs.
Affirmed.