286 So.2d 759 (1973)
Stephen L. COOPER
v.
Myrna LANE et al.
No. 9521.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied December 21, 1973.
Writ Refused February 1, 1974.
Anthony J. Clesi, Jr., Baton Rouge, for appellant.
Herschel C. Adcock, Baton Rouge, for appellees.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
BLANCHE, Judge.
While plaintiff, Stephen L. Cooper, was a pedestrian on the Louisiana State University campus, he attempted to cross from the south to the north side of Dalrymple Drive on a marked pedestrian crosswalk and was struck by an automobile driven by Mrs. Myrna Lane, one of the defendants. As a result of the accident, plaintiff sustained certain personal injuries. The other defendant is State Farm Mutual Automobile Insurance Company, the liability insurer of the Lane automobile. Plaintiff, Ronald Garay, and Dr. Harold Mixon had driven to the Louisiana State University *760 campus at or about 8:00 to 8:30 A.M. on September 15, 1971, and were walking together toward their respective offices when the accident occurred. Mrs. Lane was leaving the campus by proceeding east on Dalrymple Drive, after having driven her professor husband to work at the university. At that time of the morning the traffic of both vehicles and pedestrians in and about the university was exceedingly heavy, and at the place where the accident occurred, Dalrymple Drive is a wide two-lane street. Cars are allowed to park along the road in both directions.
The trial judge found that plaintiff was not negligent, that Mrs. Lane was negligent, and rendered judgment in favor of the plaintiff. We affirm.
Ronald Gene Garay worked with plaintiff in the Speech Department at the university and rode in a car pool with plaintiff that morning. Also in the car pool with them that morning was Dr. Harold Mixon. After parking the car, all three walked together toward the crosswalk which crosses Dalrymple Drive at a point between Peabody Hall, which is on the south side of Dalrymple Drive, and the Greek Theater, which is on the north side of Dalrymple Drive. Mr. Garay testified that the three of them stepped off the curb and started across the crosswalk, and he described the cars that were parked along the curb at the place of the crosswalk. The plaintiff was a step ahead of Mr. Garay and Dr. Mixon, and while Mr. Garay did not see the plaintiff being struck, he recalled the plaintiff spinning around and falling into him. He described the Lane vehicle as proceeding slowly and thought it would stop. With regard to their position in the street, Mr. Garay testified they had cleared the line of cars that was parked next to the curb when the accident occurred.
Dr. Mixon testified that he was on the left of plaintiff and Mr. Garay was on his right and that they were in the crosswalk when he first became aware that a car was approaching. However, he thought they were far enough advanced into the crosswalk that the approaching car would stop. When asked what gave him this impression, he replied that university traffic regulations stipulated that pedestrians in a crosswalk had the right of way over vehicular traffic. This was objected to by defendants as hearsay. Defendants also objected to Mr. Garay's testimony to the same effect. We believe the testimony of these witnesses concerning the right of way is relevant to show why they thought the driver of the automobile would yield to them while they were attempting to cross the street within the crosswalk. Dr. Mixon estimated that their position was somewhere between a quarter to halfway across Dalrymple when he first saw the defendant's car. He also corroborated Mr. Garay's testimony to the effect that after the impact the defendant's car proceeded a short distance, appeared to stop or slow and finally drove off. Dr. Mixon did not see the actual impact of plaintiff with the car but did see plaintiff turning or twisting as a result of the impact.
The plaintiff testified as to entering the crosswalk, stating that he looked to his left before he attempted to cross Dalrymple Drive, but saw no cars approaching. He then stated when they were a quarter to halfway across the street he was struck by an automobile.
The defendant, Mrs. Myrna Lane, testified she was proceeding on Dalrymple Drive at a very slow rate of speed, and when she rounded the curve onto Dalrymple Drive she saw some people to her right who seemed to be stopped and positioned just slightly outside the line of parked cars to her right. Being of this impression, she stated she increased her speed and slightly veered her car to the left to go around them. At that time she heard a noise but proceeded several car lengths down Dalrymple Drive before stopping. She was not sure what happened, and when she saw the people walking away, she drove off. Mrs. Lane was not aware that there was a *761 crosswalk at that point of the accident, and she did not know the purpose of the yellow markings, even though she had driven onto the campus twice a day for several months prior to the accident. Mrs. Lane further testified that she drove on to Southern University where she was employed as an Assistant Professor and there examined her car. She observed that the fender appeared to have been brushed about halfway between the front of the automobile and the door on the right side. She also noticed the antenna was broken and dangled down the side of the car. In the afternoon on that day when she picked up her husband, she related the incident to him and then called their insurance company to report what had occurred. The witness identified photographs of the car depicting the area of damage. On cross-examination Mrs. Lane testified that she saw the people referred to in her prior testimony when she was possibly two or three car lengths away and believed she could have stopped. She also stated she did not see the impact of her car with the plaintiff.
Dr. Irving Mark Lane was called as a defense witness, and his testimony corroborated that the damage to the car was as depicted in the photographs.
Mr. Roy Morgan, a claims adjuster for defendant, State Farm Mutual Automobile Insurance Company, took the photographs of the Lane vehicle two days after the accident and testified that the areas previously described as damaged were the only areas of damage to the car.
We agree with the trial judge's finding that Mrs. Lane failed to keep a proper lookout and was, therefore, negligent. Her impression that the people at the crosswalk were stopped was erroneous. By attempting to pass around to the left of them, she failed to yield the right of way to pedestrians whom she knew or should have known were in the process of attempting to cross the street.
Defendants argue that there is no evidence substantiating that Dalrymple Drive on the university campus is a public road rather than a private road, with the result that the statutory right of way accorded to pedestrians crossing a street in a designated crosswalk under LSA-R.S. 32:212 subd. A[1] of the Louisiana Highway Regulatory Act is, therefore, inapplicable. Admittedly, the evidence fails to establish whether or not Dalrymple Drive is a public, as distinguished from a private, roadway. We do not consider this significant, however, for even assuming Dalrymple Drive to be private rather than public, nevertheless, it is clear that this provision of the Highway Regulatory Act should properly be given consideration in determining the relative positions of the defendant motorist and the plaintiff pedestrian in resolving this controversy under the general tort law in the absence of express authority to the contrary. Such was the holding of this Court in the recent case of Bizette v. Lastilla, 238 So.2d 767 (La.App.1st Cir. 1970), involving the resolution of a suit arising out of a traffic accident which admittedly occurred on a private parking lot of the Louisiana State University campus in Baton Rouge, Louisiana:
"Since this accident did not occur on a public highway, the standard of care required of the drivers is not necessarily established by the Highway Regulatory Act. Cavalier v. Peerless Insurance Company of Keene, N.H., 246 La. 336, 164 So.2d 347 (1964). Liability is to be determined in accordance with general tort law under Article 2315 of the Civil *762 Code. Day v. Allstate Insurance Company, 223 So.2d 461 (La.App. 1 Cir. 1969).
"In determining the duties reciprocally owed by those operating their vehicles on private property, we must also be guided by the provisions of R.S. 32:25, which reads:
`Nothing in this Chapter shall be construed to prevent the owner of real property used by the public purposes of vehicular travel by permission of the owner, and not a matter of right, from prohibiting such use, or from requiring other or different or additional conditions than those specified in this Chapter, or otherwise regulating such use as may seem best to such owner.'
"Violations of such regulations would not be negligence per se, but their use in determining fault under Article 2315 is certainly authorized by our law in the absence of any positive law on the subject. Article 21, Civil Code." (Bizette v. Lastilla, 238 So.2d at 769)
We are of the opinion that even if Dalrymple Drive were a private as distinguished from a public roadway, nevertheless, the presence of a designated crosswalk thereon by virtue of the two clearly painted yellow lines traversing this segment of Dalrymple Drive warrants the conclusion that a pedestrian using such designated "private cross-walk" is justified in assuming he has the right of way over motorists, i. e., assimilating the situation to the comparable provision of the Highway Regulatory Act, viz. R.S. 32:212 subd. A. Both plaintiff, on the one hand, and his two companions, on the other, testified they accorded such significance to the designated crosswalk. The trial court felt such an assumption of the existence of a right of way in favor of the pedestrians was certainly warranted under the circumstances, notwithstanding the assertion by the defendant motorist herein of her ignorance of such right of way. We find, accordingly, no manifest error committed by the trial court in concluding that plaintiff was justified in assuming he enjoyed the right of way over defendant motorist.
We likewise find no manifest error committed by the trial court in refusing to conclude that plaintiff was guilty of contributory negligence. Inasmuch as plaintiff enjoyed the right of way, he was entitled to assume that the defendant motorist would afford him his right of way, and was thus justified in proceeding to cross Dalrymple Drive within the designated crosswalk. We note that there was nothing about the approach of defendant motorist which would reasonably charge plaintiff with notice that defendant would not accord him the right of way. On the contrary, plaintiff's two pedestrian companions both testified that the Lane vehicle was proceeding at a very slow rate of speed, and they both felt they could safely complete the crossing of Dalrymple Drive within the crosswalk. The evidence is further clear that plaintiff and his two pedestrian companions had proceeded a sufficient distance into Dalrymple Drive that it was necessary for the defendant motorist to veer slightly to the left in the attempt to go around the pedestrians.
If a pedestrian crossing a roadway within a designated crosswalk enjoys the right of way over an approaching motorist, it likewise follows that the pedestrian is not guilty of contributory negligence in forfeiting this right of way merely on the approach of a motorist who appears at the pertinent time to have his vehicle under such control as to be able to stop if necessary to yield the right of way to the pedestrian within the crosswalk. To hold otherwise would render nugatory the pedestrian's right of way. The facts of this accident do not give rise to any possible applicability of LSA-R.S. 32:212 subd. B.[2] *763 Neither plaintiff nor his two pedestrian companions suddenly left any place of safety and walked or ran into the path of defendant vehicle at a point in time when such vehicle was so close to them that it was impossible for the driver to yield. On the contrary, Mrs. Lane admitted that she noticed the pedestrians out in the crosswalk area at a point in time when she would probably have been able to stop her vehicle had she realized she did not have the right of way.
The cases cited by defendants in support of their plea of contributory negligence are factually distinguishable and hence inapposite. Defendants cite Comeaux v. State Farm Mutual Automobile Insurance Company, 231 So.2d 674 (La.App.1st Cir. 1970), but this case involved a plaintiff pedestrian who was crossing Highland Road on the Louisiana State University campus in Baton Rouge not in a designated crosswalk but rather some 20 to 25 feet north of the designated crosswalk, which this Court concluded was a substantial deviation and brought the pedestrian within the provisions of LSA-R.S. 32:213.[3]Comeaux is also distinguishable from the instant case in that the pedestrian in Comeaux stepped from the curb into the path of the motorist where the pedestrian did not enjoy the right of way and where the pedestrian was charged with notice that the motorist could not avoid striking the pedestrian.
Defendants' reliance on St. Amant v. The Travelers Insurance Company, 233 So.2d 23 (La.App.4th Cir. 1970), is similarly unwarranted, inasmuch as St. Amant involved a factual situation where the plaintiff pedestrian attempted to cross an intersection while the defendant vehicle was proceeding into the intersection at a safe rate of speed with a greem semaphore traffic light in the motorist's favor, thus being another case where the motorist rather than the pedestrian had the right of way.
In the instant case the pedestrian enjoyed the right of way and was not required to forfeit such right of way to the approaching defendant motorist, but on the contrary, was justified in continuing to exercise his right of way under the circumstances and was not guilty of contributory negligence, cf. Dennison v. Commercial Standard Insurance Company, 243 So.2d 851 (La.App.2nd Cir. 1971)
Defendants assign no error in the trial court's assessment of damages.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to defendants.
Affirmed.
NOTES
[1] R.S. 32:212 subd. A provides as follows:

"When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a cross-walk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching closely from the opposite half of the roadway as to be in danger."
[2] R.S. 32:212 subd. B provides as follows:

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."
[3] R.S. 32:213 provides as follows:

"A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.
"B. Between adjacent intersections at which traffic-control signals are in operation pedestrains shall not cross at any place except in a marked crosswalk. Acts 1962, No. 310, Sec. 1."