ELLIS, Judge:
This case arises out of an automobile accident which happened in the parking lot of Cloverleaf Shopping Center in Baton Rouge, Louisiana, on May 28, 1973. The vehicles involved were an automobile owned and operated by Ray Kemp, and an automobile owned and operated by Wesley E. Young. Riding as guest passengers in the Kemp vehicle were Macie Kemp, Lottie Jones, and Ruby and Ella Kelly, minor daughters of Harold and Shirley Kelly.
Plaintiffs in the original petition are Ray Kemp, Macie Kemp, and Mr. and Mrs. Kelly, individually and on behalf of their minor daughters. Defendants are Mr. Young and his insurer, Fireman’s Fund American Insurance Company. Macie Kemp, Lottie Jones and Mr. and Mrs. Kelly have alternatively asked for judgment against Hartford Casualty Insurance Company, Mr. Kemp’s insurer, in the event he is found negligent.
After trial on the merits, judgment was rendered dismissing Mr. Kemp’s suit against Mr. Young and Fireman’s Fund, and granting judgment against Mr. Young, Fireman’s Fund and Hartford, in solido, for $600.00 for Macie Kemp; $1,225.00 for Lottie Jones; and $500.00 for Mr. and Mrs. Kelly for each of their children. From that judgment, all plaintiffs have appealed. Ray Kemp is seeking to have the judgment against him reversed, and all other plaintiffs seek an increase in the awards.
The accident took place in the parking lot of Cloverleaf Shopping Center, which is private property.- The record does not reveal that any regulations for the use of the parking lot by its owner were indicated by signs or any other means, except that lines delineating parking spaces were painted on the surface of the lot. Gaps between the parking rows were used for vehicular passages.
Just prior to the accident, Mr. Young was driving south on one of the traffic lanes, and Mr. Kemp was driving east on an intersecting lane. Mr. Kemp testified that when he came to the intersection of the two lanes, he stopped and looked for oncoming traffic. He stated that he had a clear view to his left and saw nothing approaching. He then entered the intersection and was struck by Mr. Young’s vehicle, which came from his left.
Mr. Young testified that he was driving south in the lane leading towards Airline Highway. He stated that he felt he had the right of way and did not keep any particular lookout for crossing traffic. He first saw the Kemp vehicle when it was right in front of him. Neither party was able to avoid the accident.
In Bizette v. Lastilla, 238 So.2d 767 (La. App. 1 Cir. 1970), we said:
“Since this accident did not occur on a public highway, the standard of care required of the drivers is not necessarily established by the Highway Regulatory Act. Cavalier v. Peerless Insurance Company of Keene, N. H., 246 La. 336, 164 So.2d 347 (1964). Liability is to be determined in accordance wtih general tort *924 law under Article 2315 of the Civil Code. Day v. Allstate Insurance Company, 223 So.2d 461 (La.App. 1 Cir. 1969).”
The district judge found both drivers negligent for failure to keep a proper lookout, or not seeing what should have been seen. We find this conclusion to be fully supported by the record. Mr. Kemp’s appeal therefore is without merit.
Mrs. Macie Kemp stated that she hurt her right hip and back, and that as of the time of trial, on May 30, 1974, she still felt pain when she walked. Her treating physician, Dr. Rhodes J. Spedale, stated she had suffered a severe traumatic injury to her spine, with contusions and abrasions. He took x-ray photographs which were negative. He prescribed a lumbo-sacral belt and treated her periodically thereafter. He last saw Mrs. Kemp on July 11, 1973, when she was progressing well. He did not testify as to any injury to Mrs. Kemp’s right hip, although she testified she told him about it. The trial judge was not impressed as to the severity of her injuries, and awarded her $600.00, which we find to be within the bounds of his discretion.
Lottie Jones, a 51 year old woman, testified that she hurt her stomach, back and neck in the accident, and injured her nerves as well. She stated that her doctor gave her medicine and shots but no other form of treatment. She was fully recovered as of the time of trial. Dr. C. E. Blunck, Jr., her treating pysician, stated she had suffered an injury in her cervical area, exacerbation of gastroenteritis and exacerbation of a tic douloureaux on the right side of her face. He stated that she received daily treatment on his electronic unit and by injections. The exacerbation of her gastroenteritis lasted about a week and he had last treated her for the tic on July 3, 1973. He last saw her for her injuries on November 25, 1973. The trial judge found Dr. Blunck’s testimony to be somewhat vague as to the nature and extent of Miss Jones’s injuries, and awarded her $1,000.00 plus $225.00 in special damages. We find this award to lie within the bounds of the trial court’s discretion.
Ruby Kelly, who was four years old at the time of the accident, was treated by Dr. Spedale. He found she had a possible concussion and an injury to her cervical spine. She received diathermy and medication until July 11, 1973, when she was discharged from treatment.
Ella Kelly, who was three years old at the time of the accident, was also treated by Dr. Spedale. He found tenderness in her skull and cervical spine, and treated her with diathermy and medication until June 15, 1973, when she was discharged from treatment.
The awards of $500.00 made to each of the Kelly children is within the bounds of the discretion of the trial judge.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.