333 So.2d 256 (1976)
Howard L. CHANEY et ux., Plaintiffs-Appellants,
v.
Jo Ann BRUMFIELD et al., Defendants-Appellees.
No. 10727.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
Bryant W. Conway, Baker, for plaintiffs-appellants.
Paul B. Marks, Jr., Baton Rouge, for defendants-appellees.
*257 Before SARTAIN, EDWARDS and CHIASSON, JJ.
SARTAIN, Judge.
The accident giving rise to this litigation occurred in the private parking lot of Goudchaux's Department Store in Baton Rouge, on the afternoon of November 2, 1972.
Plaintiffs, Mr. and Mrs. Howard L. Chaney, sued Jo Ann Brumfield and her liability insurer, Aetna Casualty & Surety Company, for special damages and personal injuries, respectively. The trial court found both drivers to be negligent and denied plaintiffs' claims. We affirm.
Goudchaux's property extends between Main and Laurel Streets on the north and south and 15th and 17th Streets on the west and east. The building itself is located on the northwest portion of the property. The remainder of the property is utilized for parking purposes. The parking area contains one east to west (two way) driving lane extending generally from 15th to 17th Streets and a series of cross-driving lanes extending from Main to Laurel Streets. These cross lanes also permit two way traffic. Further, these latter lanes are marked for vehicular parking perpendicular to the direction of travel. While the east to west driving lane is unmarked for parking, vehicles park thereon but do so parallel to the direction of travel.
The accident in question occurred at the second intersection from the main building.
Mrs. Chaney testified that she was initially parked on the west-east driving lane and that when she had completed her shopping she pulled out of her parking space and proceeded in an easterly direction; that she stopped at all intersecting lanes; but, that when she proceeded to enter the intersection in question she was struck by the Brumfield vehicle. She stated that the offending vehicle, which was traveling in a southerly direction, was about thirty feet away from her when she first observed it but it was too late at that time to take any evasive action. She was of the opinion that she was on a favored lane and that a stop sign controlled traffic traveling on the parking lane.
Jo Ann Brumfield testified that she was traveling in a southerly direction along the parking lane and when she came to the intersection she looked both ways without stopping and proceeded cautiously into the intersection. She said that when she looked to her right the Chaney vehicle was not there. She could not estimate her speed but repeatedly stated that she was driving "cautiously".
Mrs. James W. McDonner was a passenger in the Chaney vehicle. She testified that they were traveling about 15 m.p.h. when "she hit us on the left hand side of the automobile." She did not see the Brumfield automobile prior to impact nor did she hear any "brakes screech".
An officer with the Baton Rouge City Police Department investigated the accident. This officer stated (by deposition) that neither vehicle left any skid marks and that the intersection as well as the entire parking lot was unmarked for traffic control.
All of these witnesses conceded that vehicular traffic in the parking lot at the time of the accident was exceptionally heavy and that the lot itself was practically filled to capacity. We note that the evidence further shows that other vehicles were so parked as to make observation at this particular intersection very difficult.
In his written reasons for judgment, the district judge, in pertinent part, stated:
"The facts of this case are remarkably similar to those presented in Kemp v. Young, No. 10083 on the docket of the First Circuit Court of Appeal. Bizette v. Lastilla, 238 So.2d 767 (La.App. 1970), stands for the proposition that when accidents do not occur on public highways, *258 the standard of care required of drivers is not necessarily established by the Highway Regulatory Act and liability is to be determined in accordance with the general tort law of this State.
"Plaintiff indicated that she stopped before entering the intersection; however, her sister indicated that she was going so slowly she did not need to stop. The physical facts found by the police officer mainly the absence of skid marks, indicate that brakes probably were not applied prior to the collision itself. These facts, together with the testimony of the two drivers and the guest passenger, indicate to the court that this accident occurred as a result of the negligence of both drivers in failing to keep a proper lookout and not seeing what they should have seen."
We find his conclusions of fact amply supported by the record and concur in his application of the law thereto.
In Kemp v. Young, La.App., 306 So.2d 922, 923 (1974), this court quoted with approval from Bizette v. Lastilla, 238 So.2d 767 (1st La.App.1970), the following:
"Since this accident did not occur on a public highway, the standard of care required of the drivers is not necessarily established by the Highway Regulatory Act. Cavalier v. Peerless Insurance Company of Keene, N. H., 246 La. 336, 164 So.2d 347 (1964). Liability is to be determined in accordance with general tort law under Article 2315 of the Civil Code. Day v. Allstate Insurance Company, 223 So.2d 461 (La.App. 1 Cir. 1969)."
Appellants contend that the trial judge erred in (1) failing to consider the westeast driving lane as the privileged thoroughfare, (2) failing to use the reasonable prudent man test, (3) failing to apply applicable provisions of the Highway Regulatory Act, and (4) concluding under general tort law that both of these parties were negligent.
We have examined the numerous cases cited by counsel for plaintiffs and do not find that the facts therein are apposite to those in the instant case nor the law therein expressed controlling here.
We concede that there may well be situations involving automobile accidents in a private parking lot where certain provisions of the Highway Regulatory Act should and could be applied. However, it would be pure speculation on our part and indeed unwise for us to enumerate examples there of here. We are satisfied that in the case at bar application of the Act is not warranted.
It is unfortunate that Mrs. Chaney thought she was on a favored lane. The evidence in this case does not justify either this conclusion on her part or our finding this lane to be favored over the cross lanes. Further, we can not apply the rule that at uncontrolled intersections the vehicle on the right is generally considered to have the right of way. Particularly, in the instant situation where we have a parking lot with numerous multi-direction lanes. The better rule to apply in the instant matter is that both vehicles be required to proceed with due caution.
Viewing the conflict in the testimony between Mrs. Chaney and Mrs. McDonner relative to whether Mrs. Chaney had actually stopped her vehicle prior to entering the intersecting lanes and considering Mrs. Chaney's belief that she was favored by a stop sign, we do not find that the trial judge erred in holding that Mrs. Chaney had failed to maintain that degree of observation that was required under the circumstances.
For these reasons, the judgment appealed is affirmed at appellants' costs.
AFFIRMED.