352 So.2d 428 (1977)
Wilmer G. GATHERIGHT et ux., Plaintiffs and Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants and Appellees.
No. 6194.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*430 Ford & Nugent by Howard N. Nugent, Jr., Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble, David A. Hughes, Vincent Hazleton, Alexandria, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
This case arose out of a vehicular accident on February 14, 1976, between a 1975 Chevrolet driven by Lillian Gatheright, plaintiff-appellant, and a 1971 Dodge driven by Martha J. Goudeau, defendant-appellee. The collision occurred in the parking lot of a Shipley Do-Nuts Shop in Alexandria.
Mrs. Gatheright and her husband filed suit against Ms. Goudeau, an uninsured motorist, and their insurer, State Farm Mutual Automobile Insurance Company, under the uninsured motorist provision of their policy. Plaintiffs sought recovery for: (1) general damages for personal injuries sustained by Mrs. Gatheright; (2) special damages for lost wages, hospital, and medical expenses; and (3) the deductible portion for which Mr. Gatheright was responsible for repairs to his automobile under his collision insurance coverage.
The defendants denied negligence on the part of Ms. Goudeau, and alternatively pleaded the contributory negligence of Mrs. Gatheright. Ms. Goudeau additionally reconvened against the Gatherights and State Farm for the damages to the Goudeau vehicle in the sum of $387.43.
After trial on the merits, the district judge found that the accident was caused by the exclusive negligence of Mrs. Gatheright and rejected all demands made by her and her husband. Ms. Goudeau was awarded judgment against Mr. and Mrs. Gatheright and their insurer, State Farm, for the damage to her Dodge in the amount of $387.43. All costs were assessed solely against Mr. and Mrs. Gatheright. Plaintiffs have appealed.
The issues are: (1) Were the factual findings of the trial judge supported by the evidence, with particular reference to the respectively alleged acts of negligence by Ms. Goudeau and Mrs. Gatheright; (2) In the event that we reverse and hold for plaintiffs, what damages are the latter entitled to; (3) Did the trial judge abuse his discretion in refusing to assess costs to State Farm.
The trial judge rendered written reasons for judgment and our review of the record substantiates the basic facts of the accident as found by him. He stated that: ". . .
Shipley DoNut is located on Jackson Street Extension. The building is set back from the street and there is parking in front of the building, with vehicles facing the building, as well as vehicles facing Jackson Street. Jackson Street is a four lane street running east and west. To the east side of Shipley DoNut is Windsor Place Street. There is entry onto the parking lot from Jackson Street *431 and Windsor Place. The travel lane between the cars parked facing the building and the cars parked facing Jackson Street runs across the front of the building directly into Windsor Place.
The defendant was in the parking lot travel lane proceeding in an easterly direction parallel to Jackson Street toward Windsor Place. The defendant intended to traverse the parking lot and exit on Windsor Place Street. She was traveling at an extremely low rate of speed. She was driving between two rows of parked cars. The plaintiff, prior to the accident, was proceeding on Jackson Street in a westerly direction. She made a right turn into the parking lot at the Jackson Street entrance. As soon as the plaintiffs' car had gotten fully into the parking lot the collision occurred. Due to the fact that plaintiff had driven into the parking lot at least one car length the point of impact would have been well within the parking lot. The plaintiff was in a hurry to get into the parking lot and off Jackson Street because Jackson Street is a heavily traveled street and it is not safe for one to linger in making a turn on this street.
The defendant had already entered the parking lot, proceeded around the back of the business establishment, around to the drive-in window on the west side of the building, and purchased two cups of hot chocolate. She moved forward from the drive-in window, turned left and got into the travel lane that would lead her out of the parking lot onto Windsor Place Street. The plaintiff was just entering the parking lot when the accident occurred. Her entrance was barely more than the length of her car."
Inasmuch as the collision took place in the parking lot and not on a public thoroughfare, the general tort law of our state is applicable. The Highway Regulatory Act (La.R.S. 32:1 et seq.) is not controlling. Cavalier v. Peerless Insurance Company of Keene, New Hampshire, 246 La. 336, 164 So.2d 347 (1964); Chaney v. Brumfield, 333 So.2d 256 (La.App. 1st Cir. 1976); Kemp v. Young, 306 So.2d 922 (La.App. 1st Cir. 1974); Bizette v. Lastilla, 238 So.2d 767 (La.App. 1st Cir. 1970). In Day v. Allstate Insurance Co., 223 So.2d 461, 463 (La.App. 1st Cir. 1969), the Court specifically stated that "where automobile accidents occur on privately owned property, as distinguished from public streets and thoroughfares, liability is determined in accordance with general tort law."
Although we stated in Dohmann v. Richard, 282 So.2d 789 (La.App. 3rd Cir. 1973), that the Highway Regulatory Act may be of persuasive value in determining the degree of care expected of a motorist in the operation of his vehicle in a non-thoroughfare accident, we agree with the trial judge that the facts in this case do not lend themselves to an application of the Highway Regulatory Act.[1] We approve of the reasoning and analysis of the trial judge when he said: ". . .
The parking lot of Shipley DoNut consists of multi direction lanes which are unmarked and uncontrolled intersecting points. Rather than apply the rule that the vehicle to the right in an uncontrolled intersection has the right-of-way, as delineated by the Highway Regulatory Act when dealing with public roads, the more suitable solution would be to require a duty of `due caution' as set forth by the First Circuit in Chaney v. Brumfield, supra, where the Court stated as follows:
`Further, we can not apply the rule that at uncontrolled intersections the vehicle on the right is generally considered to have the right-of-way. Particularly, in the instant situation where we have a parking lot with numerous multidirecton lanes. The better rule to apply in the instant matter is that both vehicles be required to proceed with due caution.'
*432 Particularly is this true in this case because the defendant was already in the parking lot, as a matter of fact she was making her exit. The plaintiff was entering the parking lot. Reason would dictate that the plaintiff should be the one to be on a look-out for other cars that were already in the parking lot and moving in the lane of travel. While the lanes were not marked the plaintiff in effect was crossing a lane of travel. Even though it was not marked, it was obvious to anyone that would look, because the area was between the cars that were parked facing Jackson Street and the cars parked facing the building (away from Jackson Street).
Mrs. Gatheright stated that she was traveling at 30 to 35 miles an hour down Jackson Street prior to her approaching the entrance into the donut shop. She finally stated, after much insistence by defense attorney, under cross-examination, that the defendant had made her left turn and was heading toward Windsor Place street and that the plaintiff was in her turn to the right when she first observed the defendant's vehicle. She stated that she felt that all of her wheels were off Jackson Street at the time of impact. As she would make her turn she would be facing the parking lot at an angle toward her left. After her vehicle came to rest it was at an angle toward the right. She seeks to overcome the fact that her vehicle was beyond the point of impact after it came to rest by stating that someone moved it. Of course no one moved it because there was no one there to move it and no one else had any reason to move her car. The physical evidence indicates quite clearly that the plaintiff did not apply her brakes as she stated. Everytime she was asked about her observation of the defendant's vehicle and what she did she gave repeated, insistent stereotyped statement that she honked her horn and jammed her brakes."
The trial judge's final analysis of this controversy is aptly stated as follows:
"The defendant was traveling across the parking lot at a very slow pace at the time of the accident. The plaintiff, however, was apparently moving relatively fast as evidenced by the fact that her car came to rest some distance past the point of impact. The plaintiff obviously breached her duty of proceeding with due caution by traveling at such a fast pace within the confines of the parking lot with other traffic present and her lateral vision obstructed by parked cars. This breach of duty was the proximate cause of the accident. This negligence on the part of the plaintiff will preclude her recovery from the defendant and barring negligent conduct by the defendant will result in her liability to the defendant.. . . ."
The trial judge went on to find that Ms. Goudeau was observing her duty of due caution under the circumstances of this case, and was not guilty of any negligence to which the accident could have been attributed. We find no error in this conclusion.
The trial judge in his written reasons for judgment was very explicit in his analysis of the various witnesses who testified concerning the facts of this case. In no uncertain terms he placed little reliance upon the testimony of the plaintiff driver and some of the independent witnesses. He was equally explicit in stating that he was impressed by the testimony of the defendant, Ms. Goudeau. We find that the evidence before the trial judge, upon which he expressed his conclusions of credibility and reliability, furnished a reasonable factual basis for his findings. Our overview of this record constrains us to affirm the judgment of the trial court to the effect that the exclusive causal negligence herein was that of Mrs. Gatheright, resulting in a rejection of plaintiffs' demands, and the granting of defendant, Ms. Goudeau's claim for property damages. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976); Pierre v. Landry, 341 So.2d 891 (La.1977).
Having so concluded we find it unnecessary to reach the question of damages claimed by plaintiffs.
*433 Appellants complain of their having been cast for costs individually, rather than jointly with State Farm. State Farm's policy provides:
"Supplementary Payments. To pay, in addition to the applicable limits of liability:
(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon; . . ."
It appears to us that the trial judge assessed all costs against Mr. and Mrs. Gatheright "as plaintiffs" rather than as "defendants in reconvention". If Ms. Goudeau had not reconvened for her property damages and this was simply a suit by the Gatherights against State Farm under the uninsured motorist provisions of its policy, then surely they could not be heard to complain, once they lost their suit against State Farm, and were cast for costs. It seems to us that the provisions of the policy quoted above deals with State Farm's obligation to pay, on behalf of its insured, court costs incurred by the insured in the defense of a suit brought by a third party, not costs incurred as a result of a suit by the insured against the insurer, where the insured loses.
Article 1920 of the Louisiana Code of Civil Procedure reads:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
The annotations under this Article are legion to the effect that the trial court has wide discretion in the assessment of costs and may assess costs, or any part thereof, against any party, as it may consider equitable. In this case the practical totality of the evidence has to do with the claim of the plaintiffs against its insurer, State Farm, and the other defendant, Ms. Goudeau. Considering all facets of this case we cannot say that the trial judge was manifestly erroneous, or abused his discretion in assessing costs solely against Mr. and Mrs. Gatheright.
For the above and foregoing reasons the judgment of the district court is affirmed, at appellants' costs.
AFFIRMED.
WATSON, J., concurs in the result.
NOTES
[1] The facts of the case at hand form no corollary to those in Dohmann and that case is therefore distinguished. We find no Highway Regulatory Act mandate which would be of value as a substitute for general tort law under La.C.C. 2315.