| ,TERRI F. LOVE, Judge.
David Osawe (Plaintiff) appeals the trial court’s judgment finding him 100% at fault for a car collision, in which he claims to have suffered bodily injury. Plaintiffs only assignment of error is that the trial court erred in ■ dismissing his claim and that the court’s judgment was manifestly erroneous. We affirm the trial court’s findings.

FACTS AND PROCEDURAL HISTORY

On October 2, 1995, a car collision occurred on the corner of Tchoupitoulas and Poydras involving cab driver David Osawe and David Jackson, a delivery driver for Beier Enterprises, Inc. (now Deep South). The accident occurred at approximately 4:00 p.m. Both men were traveling in a lake-bound direction on Poydras. David Jackson pulled up to a red light at the corner of Tchoupitoulas. Plaintiff was in the lane to his right. When the light turned green, David Jackson attempted to make a right turn. The collision then occurred between David Jackson’s truck and the cab, driven by Plaintiff.
On February 23, 2000, the case was tried before Judge Medley in Civil District Court. The trial court ruled that Plaintiff was 100% at fault. Plaintiff filed La motion for a new trial claiming that he did not have the opportunity to depose David Jackson. The court then stayed the effect of its February 23, 2000, judgment to allow Plaintiff to depose David Jackson. After reviewing the deposition in conjunction with the evidence submitted at trial, the court affirmed its February 23, 2000 judgment finding Plaintiff 100% at fault. It is from this decision that Plaintiff now appeals.

STANDARD OF REVIEW

A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong”. Rosell v. ESCO, 549 So.2d 840 (La.1989). This “manifest error” standard must allow a “great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Id. at 844. The Supreme court has announced a two-part test for the reversal of a fact finder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate' court must further determine that the record establishes that the finding is clearly wrong. See Mart v. Hill, 505 So.2d 1120 (La.1987). As long as the determination is reasonable, based upon the record as a whole, an appellate court should not substitute its own judgment over the fact finder’s. Arceneaux v. Do-mingue, 365 So.2d 1330 (La.1978). If there is a conflict of testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Rosell v. ESCO, 549 So.2d 840 (La.1989).
1 ^DISCUSSION
In this case, the two principal witnesses told completely contradictory versions of how the accident occurred. David Jackson claims that he was in the right lane waiting to turn while Plaintiff was parked in the taxi stand in front of the *172 Crown Plaza Hotel. David Jackson asserts that when the light turned green, he started to turn and Plaintiff pulled off from the taxi stand causing the collision. A statement from Milton Walker, a witness to the collision, supports David Jackson’s version of the accident. Plaintiff asserts that he was in the right lane and that David Jackson was in the middle lane. Plaintiff asserts that when the light turned green David Jackson pulled ahead of him and made a right turn, cutting him off and causing the collision.
Plaintiff argues that because David Jackson received a citation for “improper turn” at the scene of the accident, that David Jackson is liable for negligence per se. He cites Cavalier v. Peerless Ins. Co., 246 La. 336, 342, 164 So.2d 347 (1964), 246 La. 336, 164 So.2d 347, 349, which states that the breach of a statute that creates a standard of care would be considered negligence per se. However the court goes on to say that for the negligence to be actionable it must have a causal connection to the accident. Id. at 342, 164 So.2d 347 (citing Brown v. S.A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891 [1960]). There is nothing to suggest in the accident report that David Jackson was at fault for the collision. There is nothing in the record that makes the causal link that would create negligence per se.
This case is about credibility. Clearly the trial court found David Jackson to be a more credible witness. From our review of the record, we find no indication that the trial court committed manifest error in believing David Jackson’s version 14of the collision instead of Plaintiffs. We therefore affirm the judgment of the trial court.
AFFIRMED.